234 So.2d 693 (1970)
BANKERS & SHIPPERS INSURANCE COMPANY, Appellants,
v.
Luis GONZALEZ and Nereida Gonzalez, Appellees.
Nos. 69-622, 69-623.
District Court of Appeal of Florida, Third District.
April 28, 1970.
*694 George C. Vogelsang, Miami, for appellants.
Thomas F. Gillotte, Gillotte & Fowler, Horton & Schwartz, Miami, for appellees.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
These appeals have been taken by Bankers & Shippers Insurance Company from a single judgment which confirmed an arbitration award. Each party to the award had filed an action in the circuit court, and the actions were tried together. The appeals were consolidated here.
Appellant denied appellees' claim for uninsured motorists' coverage. The matter was referred to an arbitrator, who made an award to appellees in the amount of $7300.00. The circuit court, upon the application of the appellee to confirm the award pursuant to § 682.12, Fla. Stat., F.S.A., and of the appellant to vacate the award pursuant to § 682.13, Fla. Stat., F.S.A., entered its judgment dismissing appellant's application to vacate the award and granting appellees' application to confirm the award. The court allowed appellees an attorney's fee of $1000 pursuant to § 627.0127, Fla. Stat., F.S.A.[1] This appeal is from that judgment.
Appellant presents two points. The first urges that the court erred in dismissing appellant's amended application to vacate the award. Section 682.13(1), Fla. Stat., F.S.A., sets forth five grounds for an application to vacate an award. Briefly stated they are: (a) the award was procured by corruption, fraud, or other undue means; (b) there was evidence of partiality or misconduct of the arbitrator; (c) the arbitrator exceeded his powers; (d) the procedure employed by the arbitrator prejudiced substantial rights of a party; (e) there was no agreement to arbitrate. Appellant's application proceeded under ground (c), which stated in full is:
"(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers".
Appellant alleged matters of fact which if proved would establish (a) a failure of proof as to the uninsured motorist coverage; (b) a failure of proof as to the insured status of the claimed uninsured motorist; (c) a failure of proof as to the negligence involved; (d) a failure to prove within reasonable medical certainty the injuries involved; (e) a failure to prove damages. The question thus presented is whether a participant in an arbitration proceeding pursuant to the Florida Arbitration Code may challenge the sufficiency of the proof of the claim by means of an application to vacate an award. The trial judge held that a participant could not do so and we agree.
*695 Section 682.13(1) sets forth the only grounds upon which a regularly rendered arbitration award may be vacated. The very essence of an arbitration is an agreement to be bound by the factual determination of the arbitrator and thus end the factual controversy. The appellant may not do indirectly what it is forbidden to do directly. Prudence Mutual Casualty Company v. Humphreys, Fla.App. 1969, 220 So.2d 381. By labelling a factual controversy an excess of jurisdiction appellant cannot again litigate the merits of the controversy. See Johnson v. Wells, 72 Fla. 290, 73 So. 188, 192 (1916), and cases cited at 5 Am.Jur.2d, Arbitration and Award § 167. Appellant suggests that this holding deprives it of due process of law. We cannot agree because the incorporation of the agreement for arbitration in the contract of insurance specifies the manner in which due process shall be afforded. If the actions of the arbitrator transcend the contract, there is an adequate remedy under the statute. See, e.g., American Fidelity Fire Insurance Co. v. Richardson, Fla.App. 1966, 189 So.2d 486, 489. We think this conclusion is but-tressed by the following statement in the very section under which appellant attempts to proceed.
"But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." Section 682.13, Fla. Stat., F.S.A.
Appellant's remaining point urges that there is no authority for an award of an attorney's fee upon the confirmation of an arbitration award for a policyholder. In Rutkin v. State Farm Mutual Automobile Ins. Co., Fla.App. 1967, 195 So.2d 221, 224, approved in State Farm Mutual Automobile Ins. Co. v. Rutkin, Fla. 1967, 199 So.2d 705, this court affirmed an award of an attorney's fee in an action brought by a policyholder to require payment of costs incurred in an arbitration proceeding. The court held that § 627.0127, Fla. Stat., F.S.A. (set forth in footnote 1), was the basis for the allowance of the attorney's fee. Appellant distinguishes the cited case because the policyholder there sued upon his contract to require compliance with the arbitration agreement, that is, the satisfaction of the arbitration award with costs. In the instant case the suit in the circuit court, although styled an application to vacate an award of an arbitrator, was in actuality an attempt to relitigate the factual basis of the award. As such it required the policyholder to defend the action by enforcing the terms of the insurance policy. The judgment of the circuit court was therefore "a judgment * * * against an insurer and in favor of an insured * * * under a policy * * *." The trial court properly allowed the attorney's fee under the statute. Cf. Aetna Casualty & Surety Company v. Mills, Fla.App. 1966, 192 So.2d 59.
Affirmed.
NOTES
[1] "627.0127 Attorney fee. 

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."