BARKDULL, Chief Judge.
Appellant seeks review of a declaratory judgment determining that uninsured motorist benefits are excess over any collectible no-fault benefits and, therefore, the no-fault carrier has no right of indemnification or equitable distribution because of an uninsured motorist settlement made by it.
The plaintiff filed a complaint seeking a declaratory judgment against the defendant-insurer. The complaint alleged that the defendant issued a policy of automobile insurance to the plaintiff on May 16, 1971, providing uninsured motorist coverage [UM] and no-fault personal injury protection [PIP] benefits, as required by law. The complaint further alleged that the plaintiff sustained injuries caused by the negligence of an uninsured motorist; that resulting medical expenses and lost wages exceeded $3,500.00; that the UM claim had a value in excess of $10,000.00, which was the limit under the policy. Plaintiff requested a determination that the UM coverage was “excess” over collectible no-fault benefits, and that the no-fault carrier has no right of indemnification of equitable distribution in any uninsured motorist settlement. The defendant’s answer admitted that it had paid $3,200.00 to plaintiff and alleged that the UM portion of its policy is insurance for the uninsured tort-feas- or causing injuries to the plaintiff, and that the defendant is entitled to a reimbursement or setoff on any amount paid to the plaintiff under the PIP portion of its policy, to be set off against the UM portion of its policy.
The trial court entered a declaratory judgment in favor of the plaintiff, finding UM coverage is excess over no-fault coverage benefits paid to the plaintiff, and the available UM coverage may not be reduced by granting a right of indemnity or equitable distribution in the proceeds of the uninsured motorist coverage settlement.
We affirm. The trial court was correct in declaring that the insurer, who paid PIP benefits, had no right of indemnity or reimbursement from proceeds afforded to the insured as excess coverage under the separate statutory UM provisions of the policy. The no-fault reimbursement statute, § 627.736(3), Fla.Stat, F.S.A., is inap *364 plicable here because the benefits the plaintiff received from UM coverage are not benefits received “from the tort-feasor or his insurer”, nor are they benefits realized on a tort claim but, rather, on a written contract of insurance. Separate premiums were charged and paid on both the PIP and UM coverage.[1] Compare: Standard Accident Insurance Company v. Gavin, Fla.App.1966, 184 So.2d 229; Phoenix Insurance Company v. Kincaid, Fla.App.1967, 199 So.2d 770; State Farm Mutual Automobile Insurance Company v. Carrico, Fla.App.1967, 200 So.2d 265; Tuggle v. Government Employees Insurance Company, Fla. 1968, 207 So.2d 674.
Therefore, the declaratory judgment here under review be and the same is hereby affirmed.
Affirmed.

. § 627.727 (1), Fla.Stat., F.S.A., providing for uninsured motorist coverage has been amended by Ch. 71-88, Laws of Florida, 1971, to provide that the uninsured motorist coverage would be excess over the PIP coverage in situations similar to the instant case. However, said amendment does not apply to the ease sub judice, inasmuch as the amendment, pursuant to Oh. 71-88, § 2, Laws of Florida, 1971, is only applicable to those policies delivered, issued for delivery, or renewed on or after January 1, 1972.