307 So.2d 229 (1975)
STUYVESANT INSURANCE COMPANY, Appellant,
v.
Dorothy JOHNSON, Appellee.
No. 73-751.
District Court of Appeal of Florida, Fourth District.
January 24, 1975.
Rehearing Denied February 20, 1975.
*230 Francis A.C. Sevier of Stephens, Magill, Thornton & Sevier, Miami, for appellant.
Robert Orseck of Podhurst, Orseck & Parks, Miami & Ferrero, Middlebrooks & Houston, Ft. Lauderdale, for appellee.
OWEN, Chief Judge.
In this automobile liability insurance case the controlling question is whether the insured may recover duplicate benefits under both the uninsured motorist insurance coverage (UMI) and the no-fault personal injury protection coverage (PIP). The trial court, answering this in the affirmative, awarded to appellee recovery under the UMI coverage without setoff for the benefits which had been paid or were payable under the PIP coverage. We reverse.
The facts are undisputed. Subsequent to January 1, 1972, appellant issued its automobile liability insurance policy to appellee, as the named insured. The coverages included UMI and PIP, for each of which a separate premium was charged. However, the policy included the following provision:
"Any automobile medical payments insurance and any protection against uninsured motorist insurance afforded by the policy shall be excess over any benefits available ... under the Florida Automobile Reparations Reform Act." (E.S.)
During the policy period and while operating the insured vehicle, appellee sustained serious personal injury as a result of a collision caused by the negligence of an uninsured motorist. As a result of her claim under PIP coverage, appellee received from appellant $518.75 for loss of earnings and $1,370.29 for medical expenses. Appellee also made demand for arbitration under the UMI coverage, including in her claim damages for the same loss of wages and medical expenses. Prior to final hearing in arbitration, the parties agreed to a consent award of $8,000.00 to be entered by the arbitrator in favor of the insured on the claim under the UMI coverage, but reserving to each party all rights as though the arbitration award of $8,000.00 had been made subsequent to a hearing on the merits.
Appellant then filed this action for declaratory judgment seeking a determination of its rights under the policy with respect to the interrelations between the UMI and the PIP coverages. The trial court held that the two coverages, being separate and independent with a separate premium charged for each, entitled appellee to recover benefits under each notwithstanding the fact that the benefits paid or payable under the PIP coverage were duplicated in the UMI arbitration award.
In 1971, Section 627.0851(1), F.S.,[1] (the statute relating to uninsured motorist insurance coverage in automobile liability insurance policies) was amended in several respects by Chapter 71-88, Laws of Florida 1971, to take effect and be applicable to automobile liability insurance policies issued on or after January 1, 1972. Significant to the case at bar is the amendment which added the following language:
"The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation *231 law, disability benefits law or any similar law, under any automobile liability or automobile medical expense coverages, or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident."
The significance of this amendment is best understood in light of the cases which, in construing the statute prior to the amendment, had held that the statute rendered invalid those policy provisions which sought to reduce the limits of liability of the UMI coverage either to the extent of payment by the insurer under some other coverage of the same policy for which a separate premium had been paid,[2] or to the extent of the amount paid under any workmen's compensation law.[3] The Statute as it now exists manifests a clear legislative intent to change the law as it had been established by the above-cited cases, i.e., the statute now makes valid and effective those policy provisions which prohibit the insured recovering benefits which duplicate the benefits available to the insured from certain enumerated sources.[4] Thus, the issue in the case at bar is narrowed to the question of whether PIP benefits are properly classified as being within one of these enumerated sources.
While, strictly speaking, PIP benefits would not qualify as "automobile liability coverage" in the traditional concept of liability insurance, yet it seems to us that such was the legislative intent. With only limited exception, PIP coverage is mandatory as a part of the liability insurance coverage. It would seem totally inconsistent for the legislature to have intended that the UMI benefits be excess over but not duplicate benefits available to an insured under (1) any workmen's compensation law, etc., (2) any automobile medical expense coverage, or (3) from the owner or operator of the uninsured motor vehicle, etc., while at the same time to have intended that the insured recover duplicate benefits available under the PIP coverage. We do not believe this to be a reasonable construction of the statute. We hold that PIP benefits are benefits available to the insured under "any automobile liability coverage" and that by virtue thereof, the benefits provided under the UMI coverage are excess over but shall not duplicate the PIP benefits.
Because appellee's claim under the UMI coverage duplicated benefits paid or payable under the PIP coverage, it was error to refuse appellant a setoff against the amount of the UMI award to the extent of such duplication of benefits. The judgment appealed is reversed and this cause is remanded for entry of a new judgment in favor of appellee consistent with the views herein expressed.
Reversed and remanded.
DOWNEY, J., concurs.
MAGER, J., dissents, with opinion.
MAGER, J., dissenting:
I must respectfully dissent from the well reasoned opinion of the majority. If the legislature intended the amendment to Section *232 627.0851(1) to be applicable to no-fault personal injury protection coverage and thereby change the law as it had been previously established and construed, then specific language reflecting such an intention should have been included within the amendatory legislation. The legislature chose the particular language to be used and was careful to delineate those types of coverages the benefits of which might be set off against the uninsured motorist insurance coverage. Basic principles of statutory construction (and by analogy basic principles applicable to the construction of ambiguous provisions in an insurance contract) would suggest that PIP benefits were not intended to be included within the amendatory legislation and that the insured should not be deprived of the separate and distinct benefits of both coverages. Cf. Gillen v. United Services Automobile Ass'n, Supreme Court of Florida, 300 So.2d 3, opinion filed July 10, 1974.
NOTES
[1] Now numbered Section 627.727(1), F.S.
[2] E.g., Tuggle v. Government Employees Insurance Co., Fla. 1968, 207 So.2d 674, 24 A.L.R.3d 1343; United States Fidelity & Guaranty Co. v. Humphries, Fla.App. 1968, 215 So.2d 35; State Farm Mutual Automobile Insurance Co. v. Carrico, Fla.App. 1967, 200 So.2d 265 (cert. denied, Fla. 1968, 211 So.2d 14); Phoenix Insurance Co. v. Kincaid, Fla.App. 1967, 199 So.2d 770.
[3] E.g., Southeast Title & Insurance Co. v. Austin, Fla. 1967, 202 So.2d 179; Standard Accident Insurance Co. v. Gavin, Fla.App. 1966, 184 So.2d 229, 24 A.L.R.3d 1359 (cert. dism., Fla. 1967, 196 So.2d 440).
[4] It should be noted that the statute makes the UMI coverage excess, thus assuring to the insured the full amount of the UMI coverage to the extent that he can show an entitlement thereto without duplication of benefits.