323 So.2d 645 (1975)
AMERICAN SERVICE MUTUAL INSURANCE COMPANY, Appellant,
v.
Richard Wendell WILSON, Appellee.
No. 74-1633.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied January 13, 1976.
*646 Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellant.
Horton, Perse & Ginsberg, Fred O. Pasternack, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, American Service Mutual Insurance Company, respondent in the trial court, brings this appeal to review a confirmation of arbitration award entered by the circuit court for Dade County in favor of appellee, Richard Wendell Wilson, petitioner in the trial court.
This action began in the circuit court when appellee filed a motion for confirmation of arbitration award pursuant to § 682.01, Fla. Stat., F.S.A. In his motion, appellee sought judicial confirmation of an award of $10,000 which he received in an arbitration proceeding before the American Arbitration Association. In this proceeding, appellee claimed benefits under uninsured motorists coverage pursuant to an automobile insurance policy issued to him by appellant. Appellee claimed that he had suffered injuries as a result of the negligence of an uninsured motorist. As a result of this arbitration proceeding, appellee was awarded $10,000. The award provided in pertinent part as follows:
"AMERICAN SERVICE MUTUAL INSURANCE CO. shall pay to RICHARD WENDELL WILSON the sum of TEN THOUSAND DOLLARS AND NO CENTS. ($10,000.00).
"In considering the award the panel did not include the following: medical bills, loss of earnings, earning capacity for the past and future.
"In the absence of a provision to permit the taxing of costs in the rules of the American Arbitration Association, the Arbitrators took no position on this issue.
"This award is in full settlement of all claims submitted to this arbitration."
Appellant filed an answer and counterclaim in the circuit court. In its answer, appellant asserted two defenses: (1) appellant alleged that appellee's motion to confirm the award was barred by § 682.13(1)(c), in that by refusing to consider medical bills, loss of earnings, and earning capacity for the past and future, the arbitrators exceeded their powers, and (2) appellant alleged that appellee's motion was barred by § 682.14(1)(a), Fla. Stat., F.S.A., in that the arbitrators, by refusing to consider medical bills, loss of earnings, and earning capacity for the past and future, mistakenly described the things referred to in their award.
In its counterclaim, appellant sought to have the circuit court vacate or modify the arbitration award pursuant to §§ 682.13 and 682.14, Fla. Stat., F.S.A. In support of its counterclaim, appellant alleged that in refusing to consider appellee's medical bills, loss of earnings, and earning capacity for the past and future, the arbitrators violated § 682.13(1)(c), Fla. Stat., F.S.A., in that they exceeded their powers in refusing *647 to consider and determine at one time and in one proceeding all items of damage legally recoverable by appellee as a result of the negligence of the uninsured motorist; and in so refusing the arbitrators also violated § 682.14(1)(a), in that they mistakenly described the things referred to in their award. The counterclaim asked the circuit court to vacate or modify the arbitration award to provide that it was an award for all items of damage legally recoverable by appellee as a result of the negligence of the uninsured motorist, including medical bills, loss of earnings, and earning capacity for the past and future.
The circuit court confirmed the arbitration award and denied appellant's counterclaim in an order dated October 2, 1974. This order reads, in pertinent part, as follows:
"1. The petition of RICHARD WENDELL WILSON to confirm arbitration award in the amount of $10,000 rendered by and pursuant to the rules of the American Arbitration Association, be and the same is hereby granted, and judgment is hereby entered in favor of the petitioner and against the respondent, AMERICAN SERVICE MUTUAL INSURANCE COMPANY, in the amount of $10,000 plus legal interest thereon from the date of the award, April 9, 1974, to date, for which sum let execution issue forthwith.
"2. The counter-claim filed herein by the respondent, AMERICAN SERVICE MUTUAL INSURANCE COMPANY, be and the same is hereby dismissed with prejudice.
"3. The petition for recovery of costs attendant upon the arbitration proceedings filed herein by the petitioner, RICHARD WENDELL WILSON, be and the same is hereby denied."
From this order, appellant appeals.
Appellant contends that the circuit court should have entered judgment for it on its counterclaim, and that the circuit court should have ruled that the $10,000 award was for all items of damage legally recoverable by appellee under his uninsured motorist coverage, which by § 627.727 would include his medical bills, loss of earnings, and earning capacity for the past and future. As a basis for this contention, appellant argues that the circuit court violated the rule of Travelers Ins. Co. v. Luckett, Fla.App. 1973, 279 So.2d 885. Appellant asserts that the denial of its counterclaim, in effect, leaves pending appellee's claims for elements of damages which should have been included in his $10,000 arbitration award.
The basic question for this court on appeal is whether, in making the award for a claim under the uninsured motorist's provision of appellee's policy with appellant, the arbitrators' award properly excluded any amount for damages for medical bills, loss of earnings, and loss of earning capacity for the past and future.
We feel that the cases relied upon by appellant, Travelers Ins. Co. v. Luckett, Fla. App. 1973, 279 So.2d 885 and Stuyvesant Insurance Company v. Johnson, Fla.App. 1975, 307 So.2d 229, are readily distinguishable from the instant appeal.
The Stuyvesant case, supra, held that uninsured motorist's coverage benefits should not duplicate the same benefits available to an insured under the no-fault personal injury protection coverage. In this appeal we do not have the same questions, i.e., the duplicate payments issue as raised by Stuyvesant, and, therefore do not find it controlling. The Travelers case, supra, held that where an insured was covered by two automobile policies, each containing uninsured motorist coverage, and his damages for injuries sustained in collision with a vehicle driven by an uninsured motorist had already been determined and paid under the arbitration provisions of one of the policies, he was barred from compelling the second insurer to submit to arbitration to determine its liability as to *648 the same accident. In the instant appeal, appellee only has one policy, which is with appellant, and the facts of Travelers, supra, are otherwise inapplicable to this appeal.
Here, the arbitrators concluded, after hearing the evidence presented by appellant and appellee at the arbitration hearing, that appellee was entitled to $10,000 in uninsured motorist coverage exclusive of medical bills, loss of earnings, and earning capacity for the past and future. The record discloses that these latter benefits could have been compensated for under the no-fault personal injury protection benefits provision of appellee's insurance policy with appellant, however, there is no evidence in the record that a duplication of benefit payments has occurred. The award of the arbitrators, as confirmed by the order of the circuit court, expressly states that any available personal injury protection coverage benefits, i.e., medical bills, loss of earnings, and earning capacity for the past and future, were excluded in the award. Therefore, we do not feel that the order appealed runs afoul of the rules in regard to the duplication of benefits set forth in the Stuyvesant and Travelers cases, supra. See also Summers v. Jackson, Fla.App. 1975, 307 So.2d 235; and Protective National Insurance Company of Omaha v. Roberts, Fla.App. 1973, 287 So.2d 362.
A reading of the uninsured motorist and personal injury protection statutes in conjunction with the above cited cases discloses that the uninsured motorist coverage is designed to be the excess over and not duplicate benefits under the personal injury protection coverage. The intention of the Legislature was to assure the insured the full amount of uninsured motorist coverage to the extent that he can show an entitlement thereto without the duplication of benefits. Here the arbitrators concluded, after hearing the evidence presented by both appellee and appellant at the arbitration hearing, that appellee was entitled to $10,000 in uninsured motorist coverage exclusive of and not in duplication of any available personal injury protection benefits. Therefore, we feel the circuit court properly confirmed the award.
Appellee, cross-appellant, raises by cross-assignment of error the contention that the circuit court erred in denying his petition for recovery of costs attendant upon the arbitration proceedings. Costs, as that term is used in this appeal, cannot be awarded by the court in a proceeding unless such award is authorized by statute or by agreement of the parties. Gullette v. Ochoa, Fla.App. 1958, 104 So.2d 799; and 8 Fla.Jur., Costs § 4. The record here indicates that neither an agreement for costs existed between the parties nor did any statute provide for the payment of costs. Therefore, we find that the trial judge was correct in not granting appellee's petition for the recovery of costs.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.
PEARSON, Judge (concurring in part and dissenting in part).
I concur fully in the opinion in this case except as to the matter of costs. See State Farm Mutual Insurance Company v. Rutkin, Fla. 1967, 199 So.2d 705.