350 So.2d 38 (1977)
FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant,
v.
Richard MORENO and Pilayo Moreno, Appellees.
Nos. 76-1695 and 76-1696.
District Court of Appeal of Florida, Third District.
September 27, 1977.
Thornton, Dougherty, Conroy & Herndon and John Edward Herndon, Jr., Miami, for appellant.
West, Friesner & Goldman and Murray Goldman, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
*39 HUBBART, Judge.
By this appeal, we are asked to review a $68,500 money judgment rendered in a declaratory decree action in favor of an insured [Richard Moreno[1]] against his uninsured motorist carrier [Fidelity & Casualty Co. of New York] for injuries sustained by the insured in an automobile accident with an uninsured motorist. Fidelity appeals and contends inter alia that it is entitled to a set-off for the $5,000 personal injury protection benefits received by the insured from another insurance carrier [Resources Insurance Co.] as compensation for injuries sustained in the same automobile accident. We agree and reverse.
The law is clear that uninsured motorist insurance constitutes excess coverage and should not duplicate the same benefits available to the insured under the no-fault personal injury protection coverage. As such, the uninsured motorist carrier is entitled to a set-off for any such personal injury protection benefits received by its insured to be applied against the uninsured motorist claim. Stuyvesant Insurance Co. v. Johnson, 307 So.2d 229 (Fla. 4th DCA 1975), cert. den. 316 So.2d 290 (Fla. 1975); Section 627.727(1), Florida Statutes (1975). See American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645, 647 (Fla. 3d DCA 1975).
In the instant case, Fidelity was entitled to a set-off for the personal injury protection benefits received by Moreno to be applied against the uninsured motorist claim. We reverse the judgment appealed from and remand the cause with directions to give the appellant a $5,000 set-off from the total judgment awarded. In all other respects the judgment is affirmed.
Affirmed in part; reversed in part.
NOTES
[1] Pilayo Moreno was the named insured on the Fidelity policy. Richard Moreno is covered as an insured under the terms of the Fidelity policy because he is the named insured's son and was living with the named insured at the time of the accident.