PER CURIAM.
United States Fidelity and Guaranty Company (U.S.F.&G.) appeals a final declaratory judgment holding appellee/estate had not forfeited underinsured motorists’ benefits under the deceased’s insurance policy with U.S.F.&G. by proceeding to judgment against the underinsured motorist and could still demand arbitration. We hold appellee is not entitled to demand arbitration and accordingly reverse the lower court’s declaratory judgment.
Appellee’s decedent, Katie Lee Smith, was killed in a one car accident on February 22, 1976, while a passenger in a car owned and operated by William Ingram. Ingram was insured under a policy with Reserve Insurance Company (Reserve) which provided liability coverage up to $15,000 per person. Smith had a policy with U.S.F.&G. which provided underinsured motorist coverage up to $200,000.
On May 27,1976, appellee, after receiving permission from U.S.F.&G., brought a wrongful death action against Ingram and Reserve. Ingram counterclaimed against appellee, and at appellee’s request, U.S. F.&G. defended the counterclaim.
During the wrongful death action, appel-lee demanded $185,000 - from U.S.F.&G. in settlement of its underinsured motorists’ claim. U.S.F.&G. offered to settle for $25,-000 above the $15,000 limit of Ingram’s policy with Reserve, but this offer was rejected by appellee.
Following trial in the wrongful death action, the jury returned a verdict for appel-lee for $18,500. U.S.F.&G. then tendered to appellee $3,500 in payment of underinsured motorists’ benefits, the excess of Ingram’s policy limit. Appellee rejected the $3,500, claiming it was entitled to more notwithstanding the verdict. Ingram and Reserve paid appellee $15,000 and appellee executed a release with Ingram and Reserve.
Thereafter, appellee sought to compel U.S.F.&G. to arbitrate the underinsured motorists’ claim. U.S.F.&G. denied liability beyond the amount of the judgment and counterclaimed for a declaration of their *1286 liability under the policy. Subsequently, the lower court issued its final judgment, ruling that appellee was still entitled to demand arbitration.
The lower court erred in holding the appellee still had a right to demand arbitration of its underinsured motorists’ claim against U.S.F.&G. The judgment obtained by appellee against Ingram and Reserve established the amount of damages appellee was legally entitled to recover from the underinsured motorist; U.S.F.&G. fulfilled its obligation by tendering underinsured motorists’ benefits for the excess of the judgment over the limits of Ingram’s policy with Reserve.
 The purpose of underinsured motorists’ coverage is to allow the insured the same recovery which he would be entitled to against a tort-feasor had the tort-feasor heen insured to the same extent as the insured himself. Dewberry v. Auto Owners Insurance Company, 363 So.2d 1077 (Fla.1978). Under such coverage, an insurer is liable only to the extent that the insured is legally entitled to recover from the underin-sured tort-feasor. Ronald Hughes v. State Farm, 294 So.2d 398 (Fla. 1st DCA 1974). Obviously, the ultimate purpose of underin-sured motorists’ protection is to provide coverage for what the insured could get if he sued the tort-feasor and recovered judgment against him.
In order to avoid litigation against the tort-feasor by the insured for the purpose of establishing the amount of damages to which the insured is entitled, the policy provides for arbitration if the insured and the carrier cannot agree on what the probable recovery would be if such a suit were brought. The arbitration provision is not intended, as appellee contends, to give the insured the right to establish his damages once by judgment against a tort-feasor, then, in addition, compel arbitration and choose the higher determination of recoverable damages. See Travelers Insurance Company v. Luckett, 279 So.2d 885 (Fla. 3d DCA 1973); Great American Insurance Company v. Pappas, 345 So.2d 823 (Fla. 4th DCA 1977).
Pursuant to the terms of appellee’s policy with U.S.F.&G., the conduct of the parties makes the prior judgment conclusive as to appellee’s underinsured motorists’' claim. The policy provides:
No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues and liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.
The record demonstrates appellee proceeded to judgment against Ingram and Reserve with the consent of U.S.F.&G. as evidenced by written correspondence between appellee and U.S.F.&G. These correspondences show appellee believed, at that time, U.S. F.&G. had consented to the wrongful death action. This is further supported by U.S.F. &G.’s actual participation in the litigation. It should also be pointed out that appellee’s failure to request consent to proceed to judgment against the uninsured or underin-sured motorist would have resulted in a waiver of such coverage. Aetna v. Jordan, 189 So.2d 408 (Fla. 1st DCA 1966).
Therefore, the lower court’s declaratory judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
MILLS, C. J., and LARRY G. SMITH and SHIVERS, JJ., concur.