390 So.2d 486 (1980)
Jack LACKORE and Madeline Lackore, His Wife, Appellants,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, a Foreign Insurance Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 80-292.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Robert V. Romani, of Farish, Farish & Romani, West Palm Beach, for appellants.
Frank G. Cibula, Jr., and Toby A. Turbyfill of Law Office of Frank G. Cibula, Jr., West Palm Beach, for appellee.
ANSTEAD, Judge.
At issue is whether the provisions of Section 627.727(1), Florida Statutes (1977) operate to automatically reduce the policy limits of the appellant, Madeline Lackore's uninsured motorist coverage by the amount of the coverage for personal injury protection and medical payments benefits also available to her under her policy with the appellee, Hartford Accident & Indemnity Company. We hold that there is no automatic reduction.[1]
Mrs. Lackore was injured in an accident involving an underinsured motorist. Prior to making a claim for uninsured motorist benefits Mrs. Lackore recovered over $6,000.00 in benefits under her personal injury protection and medical payments coverages with the appellee. Prior to arbitration of the uninsured motorist claim, the trial court granted a request by appellee to reduce the available uninsured motorist coverage available from the appellee by the $6,000.00 of benefits paid under the other coverages.
Section 627.727(1) provides:
(1) ... The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an *487 insured under, any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.
In our view this provision requires a set-off of the coverages involved only where the insured is actually seeking a duplication of benefits under different coverages. That is, an insured is not entitled to be twice compensated for the same element of damage, such as payment for a medical bill or for lost wages, just because he has more than one type of coverage for such element of damage. However, so long as he makes no claim under his uninsured motorist coverage for benefits already received or still available under one of his other coverages, he should not have the amount of benefits available to him under his uninsured motorist coverage reduced. For example, in the case at hand, so long as Mrs. Lackore makes no claim under her uninsured motorist coverage for benefits already paid or still available under her personal injury protection or medical pay coverages, she should be given an opportunity to prove that she has sustained other damages up to the amount of her uninsured motorist coverage limits.[2] There should be no automatic reduction such as was ordered herein. In Stuyvesant v. Johnson, 307 So.2d 229 (Fla. 4th DCA 1975), cert. denied 316 So.2d 290 (Fla. 1975), we held that an insured could not recover the same benefits under both his personal injury protection coverage and uninsured motorist coverage, but we also stated:
It should be noted that the statute makes the UMI coverage excess, thus assuring to the insured the full amount of the UMI coverage to the extent that he can show an entitlement thereto without duplication of benefits.[3]
In Florida Farm Bureau Casualty Co. v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1978), cert. denied 381 So.2d 766 (Fla. 1980), we held that an insurer was entitled to a credit for any third party benefits received by the insured, but it is not clear whether a duplication of benefits was being sought. However, insofar as any language in Florida Farm Bureau conflicts with our decision today, we recede therefrom.
We are aware that our decision apparently conflicts with that of the First District in Carter v. Government Employees Insurance Co., 377 So.2d 242 (Fla. 1st DCA 1979) and possibly other cases cited therein.
Accordingly, this cause is reversed and remanded for further proceedings consistent herewith.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] The appellant has also urged us to bottom our decision on a recent amendment to Section 627.727(1) which clarifies the legislature's intent as to set-offs of coverages in the same manner as our holding herein, but we do not believe it is necessary to do so. See Carter v. Government Employees Insurance Co., 377 So.2d 242 (Fla. 1st DCA 1979) and State Farm Mutual Automobile Insurance Company v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980).
[2] This same view has been expressed by the Third District in American Service Mutual Insurance Company v. Wilson, 323 So.2d 645 (Fla. 3d DCA 1975).
[3] 307 So.2d at 231, footnote 4.