393 So.2d 1203 (1981)
Richard M. WATERS, Appellant/Cross-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, Appellee/Cross-Appellant.
No. 80-164.
District Court of Appeal of Florida, Second District.
February 18, 1981.
Craig M. Spanjers, of Stanley, Wines & Smith, P.A., Auburndale, for appellant/cross-appellee.
J. Michael McCarthy, of McCarthy & Sawyer, P.A., Lakeland, for appellee/cross-appellant.
OTT, Judge.
Appellant carried $15,000 in uninsured motorist coverage (UMC) with appellee under a policy specifically providing that any sums payable as UMC benefits shall be reduced by any benefits paid or payable to the insured by virtue of workmen's compensation insurance. In 1976 appellant was injured on the job in a vehicular accident with an uninsured motorist. He drew workmen's compensation benefits in the amount of $12,900. Appellee then offered him $2,100 in satisfaction of his UMC, but he refused it and brought this declaratory relief action.
The trial court assessed appellant's damages at $30,000 and entered judgment declaring that he was entitled to $2,100 in UMC benefits after setting off the $12,900 workmen's compensation benefits. Appellant's attorney was awarded a fee for his services. Appellant challenges the judgment and appellee challenges the allowance of an attorney's fee. We affirm the judgment on the case in chief, but reverse the fee.
1. UMC Setoff. Section 627.727(1) (1975) provides that UMC benefits "shall be excess over but shall not duplicate benefits available to an insured under any workmen's compensation law," and from various other sources (including the tortfeasor's liability carrier) not relevant here. There are two views of the meaning of that language. The Florida Supreme Court carefully considered the matter and rejected the argument that UMC coverage is available in toto over and above the tortfeasor's liability insurance so long as there is no duplication of the damages being compensated. Instead, the court held that UMC is subject to actual setoff by the amount of liability insurance available to the injured claimant. Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077, 1080-81 (Fla. 1978).
*1204 Notwithstanding that holding, which seems quite clear and unambiguous to us, the rejected view has attracted recent adherents. See State Farm Mutual v. Bergman, 387 So.2d 494 (Fla. 5th DCA 1980), Lackore v. Hartford, 390 So.2d 486 (Fla. 4th DCA 1980) and Florida Insurance Guaranty Association v. Johnson, 392 So.2d 1348 (Fla. 5th DCA 1980), all of which disallow any setoff where UMC compensates for damages which are over and above or separate from those damages which have been compensated by benefits from one of the collateral sources specified in the statute.
Frankly, we see considerable merit to the Bergman and Lackore approach to the problem, but we have no jurisdiction to ignore an opinion of our supreme court and apply some other rule simply because it may be more to our liking. That is for the supreme court, and until such time as it might recede from Dewberry we have no choice but to follow it.
We also are of the opinion that it is not possible to ignore Dewberry's impact by "interpreting" it to apply only to the tortfeasor's liability insurance, but not to any of the other collateral sources enumerated in the statute, such as PIP coverage. We do not find the opinion or its reasoning susceptible to such construction. When the court construed the statute to mean that a UMC insurer is entitled to an offset for benefits available to the insured from the tortfeasor's liability insurance, which was but one of several sources enumerated in the statute, it indisputably set a clear, unqualified precedent governing the treatment of benefits available from the other specified sources.
With specific regard to workmen's compensation benefits, two of our sister courts have ruled, in reliance on Dewberry, that a setoff is to be allowed. Carter v. Government Employees Insurance Co., 377 So.2d 242 (Fla. 1st DCA 1979), cert. denied, 389 So.2d 1108 (Fla. 1980); Florida Farm Bureau Casualty Co. v. Andrews, 369 So.2d 346 (Fla. 4th DCA 1979), cert. denied, 381 So.2d 764 and 766 (Fla. 1980).
We therefore hold that workmen's compensation benefits are to be offset against the UMC benefits which accrued under the policy applicable to this 1976 accident. For the reasons expressed in Carter, supra, we reject appellant's argument that construction of the statute should be governed by certain "clarifying" amendments added to it in 1979.
2. Attorneys' Fees. We are of the opinion that when a claimant is freely offered, before litigation is ever instituted, an amount at least equal to the sum to which the court eventually finds him entitled, he is not entitled to an attorney's fee under section 627.428, Florida Statutes (1969). In speaking of section 625.08, the forerunner of the present statute, the opinion in Equitable Life Assurance Society v. Nichols, 84 So.2d 500, 502 (Fla. 1956) noted:
This statute has consistently been interpreted by this court as authorizing the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy. Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1954), and cases there cited.
In the case at bench it is clear that payment of the $2,100 due appellant was not "wrongfully withheld." Payment was offered at all times, but appellant refused to accept it.
The award of a fee to appellant's attorney is reversed. In all other respects the judgment is affirmed.
HOBSON, Acting C.J., and CAMPBELL, J., concur.