408 So.2d 1040 (1982)
HARTFORD ACCIDENT AND INDEMNITY COMPANY, etc., Petitioner,
v.
Jack R. LACKORE and Madeline Lackore, Respondents.
No. 60099.
Supreme Court of Florida.
January 7, 1982.
Frank G. Cibula, Jr. of the Law Office of Frank G. Cibula, Jr., West Palm Beach, for petitioner.
*1041 Robert V. Romani of Farish, Farish & Romani, West Palm Beach, for respondents.
BOYD, Justice.
This cause is before the Court on petition for review of a district court of appeal decision on the ground of express and direct conflict. Art. V, § 3(b)(3), Fla. Const. At issue is the extent of an insurer's obligation to provide uninsured (or "underinsured") motorist benefits to an insured who has already collected personal injury protection benefits and medical payment benefits from the insurer. The decision under review, Lackore v. Hartford Accident & Indemnity Co., 390 So.2d 486 (Fla. 4th DCA 1980), conflicts with Carter v. Government Employees Insurance Co., 377 So.2d 242 (Fla. 1st DCA 1979).
Madeline Lackore was injured in an automobile accident. She accepted $10,000 from the other motorist in settlement of her claim for damages against him. The $10,000 offered in settlement represented the limit of the other motorist's liability insurance coverage. Since Mrs. Lackore's damages exceeded $10,000, the other motorist was to that extent an "underinsured" motorist.
Mrs. Lackore then made a written demand for arbitration against her own insurer, Hartford Accident and Indemnity Company. Hartford had issued Mrs. Lackore a policy providing $35,000 in uninsured motorist coverage. The circuit court entered judgment ordering Hartford to proceed with arbitration, but on rehearing held that Hartford was entitled to set off not only the amount Mrs. Lackore had received from the "underinsured" motorist but also the amounts Hartford had paid her in personal injury protection and medical payment benefits.
On appeal, the district court held that section 627.727(1), Florida Statutes (1977), did not allow Hartford to set off the amounts Mrs. Lackore had received in personal injury protection and medical payment benefits. Section 627.727(1), requiring automobile liability insurance policies to provide uninsured motorist coverage, provided in relevant part:
The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.[1]
The court reasoned that if the insured does not claim, under his uninsured motorist coverage, benefits received or available under some other category of coverage, the uninsured motorist coverage should not be reduced by the amount of such other benefits received or available.
For example, in the case at hand, so long as Mrs. Lackore makes no claim under her uninsured motorist coverage for benefits already paid or still available under her personal injury protection or medical pay coverages, she should be given an opportunity to prove that she has sustained other damages up to the amount of her uninsured motorist coverage limits. There should be no automatic reduction such as was ordered herein.
390 So.2d at 487 (footnote omitted).
The petitioner argues that the district court's decision is erroneous under the applicable *1042 law. A close examination of the precedents, however, refutes this argument and reveals that the district court was correct.
Our analysis begins with Stuyvesant Insurance Co. v. Johnson, 307 So.2d 229 (Fla. 4th DCA), cert. denied, 316 So.2d 290 (Fla. 1975), where the district court allowed the insurer to set off the amount of personal injury protection benefits the insured had received for loss of earnings and medical expenses. The court explained that the insured's demand for arbitration for uninsured motorist benefits included "damages for the same loss of wages and medical expenses." Id. at 230.
The Stuyvesant holding was adhered to, though the facts were distinguished, by the third district court of appeal in American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645 (Fla. 3d DCA 1975). In that case the insured was awarded $10,000 in an uninsured motorist arbitration proceeding which by its terms excluded medical bills, loss of earnings, and loss of past and future earning capacity. The insurer appealed, arguing that under Stuyvesant it should be allowed to set off the amount of personal injury protection benefits. The district court affirmed the award, distinguishing Stuyvesant on the basis that the award did not result in a duplication of benefits.
A reading of the uninsured motorist and personal injury protection statutes in conjunction with the above cited cases discloses that the uninsured motorist coverage is designed to be the excess over and not duplicate benefits under the personal injury protection coverage. The intention of the Legislature was to assure the insured the full amount of uninsured motorist coverage to the extent that he can show entitlement thereto without the duplication of benefits.
American Service Mutual Insurance Co. v. Wilson, 323 So.2d at 648.
In two subsequent cases, the courts allowed the insurers to set off personal injury protection benefits against uninsured motorist claims, but it is unclear from the opinions whether the insureds were seeking duplication of benefits. See Evans v. Florida Farm Bureau Casualty Insurance Co., 355 So.2d 149 (Fla. 1st DCA 1978); Fidelity & Casualty Co. of New York v. Moreno, 350 So.2d 38 (Fla. 3d DCA 1977).
Further ambiguity was created by our decision in Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978), where we construed section 627.727 to allow an uninsured motorist carrier to set off the amount of liability benefits the insured received from an underinsured's carrier. Reasoning that there was no logical reason for distinguishing liability coverage from other types of coverage listed in section 627.727, several courts began holding that Dewberry authorized uninsured motorist carriers to set off the amount of benefits available to an insured from such other sources even when the insured's injuries exceeded the limits of the combined coverages. See Kenilworth Insurance Co. v. Drake, 396 So.2d 836 (Fla. 2d DCA 1981); Waters v. State Farm Mutual Automobile Insurance Co., 393 So.2d 1203 (Fla. 2d DCA 1981); Masters v. Lester, 366 So.2d 471 (Fla. 1st DCA 1979). In these cases the courts misunderstood Dewberry; there we allowed the uninsured motorist carrier to set off the underinsured motorist's liability proceeds because they were duplicative. Both the uninsured motorist benefits and liability insurance benefits were meant to compensate the insured for the death of his minor children. As such they duplicated the same element of damages. By relying on Masters, the district court in Carter v. Government Employees Insurance Co., the case cited as being in conflict, made the same mistake.
We therefore hold that an uninsured motorist carrier may not automatically set off from its uninsured motorist coverage the amount of personal injury protection and medical payment benefits available to the insured. It can, however, set off the amount of benefits available to the insured which would reimburse the insured for the same damages. The purpose of allowing a set-off is to prevent duplication of benefits. Although not critical to our holding, the *1043 1979 amendment to section 627.727 supports our construction of the statute. See Florida Insurance Guaranty Association v. Johnson, 392 So.2d 1348 (Fla. 5th DCA 1980). Accordingly we approve the decision of the district court of appeal.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Mrs. Lackore argued that a recent amendment to section 627.727(1), chapter 79-241, section 2, Laws of Florida, had clarified the legislative intent regarding the extent to which insurers might set off benefits an insured has received from collateral sources. See Carter v. Gov't Employees Ins. Co., 377 So.2d 242, 244 (Fla. 1st DCA 1979) (Ervin, J., dissenting). The 1979 amendment deleted the words "any automobile liability or" from the above-quoted sentence and added the sentence: "Only the underinsured motorist's automobile liability insurance shall be set-off against underinsured motorist coverage." The district court declined to ground its decision on this argument. Lackore v. Hartford Accident & Indem. Co., 390 So.2d at 486, n. 1.