PER CURIAM.
The trial court awarded appellee bank $77,913.20 pursuant to its claim under an insurance policy, and $15,367.60 in attorney’s fees. We affirm in part and reverse in part.
Phillip Peters entered into a retail installment contract for the purchase of a 1975 Cessna twin engine aircraft for $44,200. Peters agreed to repay, over a period of years, that portion of the purchase price which was financed. His total repayment obligation under the contract amounted to $59,589.60. Appellee bank purchased the installment contract from the seller, at a discount, for just over $34,000. Peters then purchased a policy from appellant Security Insurance Company which insured his contractual obligation. That policy covered both Peters and appellee bank (as a lienholder).
Not long after Peters took possession of the plane, it turned up badly damaged in Jamaica. (How it got there is not relevant to our discussion.) Due principally to the unanticipated interference of a third party, the bank was forced to spend the unexpectedly high amount of $29,163.20 to retrieve the aircraft. The bank subsequently sued appellant insurance company on the policy in an effort to recoup both its loss on the installment sales contract, (which had fallen into default), and for the $29,163.20 expended retrieving the plane. The trial court awarded the bank (A) $59,750 — the $60,000 policy recovery limit less a $250 deductible — under the loss payee portion of the policy, (B) $18,163.20 — the $29,163.20 less $11,000 which the insurer had already paid the bank — pursuant to the policy's provision for reimbursement of reasonable costs expended in recovery of the insured property, and (C) $15,367.60 in attorney’s fees.
First, we reverse the $59,750 award. The policy unambiguously provides for payment, in the event of loss, “as interests may appear.” The bank’s interest is referred to in the policy as a $34,000 lien. Therefore, the bank is entitled to recover, under the loss payee portion of the policy, *1228 not $59,750, but $33,750 — $34,000 less the $250 deductible.
Second, we affirm the trial court’s award of $18,163.20 to the bank for expenses incurred in retrieving the airplane, despite the insurer’s contention that these expenses were unreasonable. The trial court’s implied finding that appellant insurance company was estopped from challenging the retrieval expenses as unreasonable is supported by competent, substantial evidence. The record is replete with sound evidence that the insurer not only failed to oppose, but actually authorized (and even encouraged) the ultimately-expensive recovery effort. Moreover, it is clear that the bank relied on this encouragement to its detriment when it paid the retrieval costs. Consequently, we affirm the lower court’s implied estoppel finding[1] and let stand the $18,163.20 award.
Third, we uphold the attorney’s fee award. The insurer contests the award under the theory that when a claimant is freely offered, before litigation commences, an amount at least equal to the sum to which the court eventually finds him entitled, then he is not entitled to attorney’s fees under section 627.428, Florida Statutes (1983).[2] See Waters v. State Farm Mutual Automobile Insurance Co., 393 So.2d 1203 (Fla. 2d DCA 1981). That theory, however, is inapplicable to this action. Before trial, the insurance company offered to settle for $22,700. That amount is considerably less than the $51,913.20 to which the bank is entitled under our ruling.
To conclude, we hold that the bank is entitled to a total of $67,280.80 — the $51,-913.20 indicated above, plus the $15,367.60 attorney’s fees — plus interest as determined in the final judgment below.
HURLEY, WALDEN and BARKETT, JJ., concur.

. For the elements of estoppel, see State Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla.1981); see also In re Matter of Garfinkle, 672 F.2d 1340 (11th Cir.1982).

. The bank was granted the fees pursuant to section 627.428, Florida Statutes (1983), which provides for an award of reasonable attorney fees to a successful claimant who proceeds against an insurer on a policy.