199 So.2d 705 (1967)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Petitioner,
v.
Norman K. RUTKIN, Respondent.
No. 36218.
Supreme Court of Florida.
June 7, 1967.
Edward J. Atkins and John H. Wahl, Jr., and Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for petitioner.
Eugene Tannenbaum, of Klein, Tannenbaum & McGovern, Miami, for respondent.
ERVIN, Justice.
The decision of the District Court of Appeal, Third District in this case, reported *706 in 195 So.2d 221, was certified to us by that court as passing upon a question of great public interest.
We agree with the opinion of the District Court and approve its decision. An agreement of an insured to arbitrate a claim with an insurer under an auto liability insurance policy containing uninsured motorist coverage necessarily contemplates application of the statute governing the extent of such coverage. That is to say, F.S. Section 627.0851, F.S.A. The District Court points out that under said Section the insured is entitled to recover under the policy all damages he or she would have been able to recover from the offending motorist if that motorist had maintained a policy of auto liabililty insurance. Such damages necessarily include, not only actual damages arising "because of bodily injury, sickness or disease, including death," but also costs reasonably incident to the proper establishment in the arbitration proceedings of such actual damages or losses as, for example, costs of the kind itemized in the footnote to the District Court opinion. F.S. Chapter 57, F.S.A., the arbitration statute, should not be read to authorize reduction of the amounts representing the actual damages or losses incurred by the insured or any costs necessarily incurred in establishing such damages in the arbitration proceedings inasmuch as F.S. Section 627.0851, F.S.A. contemplates all are included in uninsured motorist coverage and would have been recoverable from the uninsured motorist if he had maintained auto liability insurance. It would be unreasonable not to allow an insured motorist costs which he necessarily has to incur in order to properly establish before the arbitrators or the umpire the extent of his bodily injuries. Of course, incurrence of such costs may be obviated in many arbitrations, but where they are reasonably and necessarily incurred in order to substantiate a disputed claim in an arbitration proceeding and are not out of line with costs in litigated cases they should be allowed as a matter of right and justice. F.S. Section 57.17, F.S.A. of the arbitration statute, is in accord with this conclusion.
THORNAL, C.J., and THOMAS and DREW, JJ., concur.
O'CONNELL and CALDWELL, JJ., dissent.