343 So.2d 918 (1977)
Blanca ARRIETA, Appellant,
v.
VOLKSWAGEN INSURANCE COMPANY and Protective National Insurance Company, Appellees.
Nos. 75-1918, 75-1919.
District Court of Appeal of Florida, Third District.
March 15, 1977.
Rehearing Denied April 13, 1977.
*919 Kuvin, Klingensmith & Lewis, Coconut Grove, Wayne, Genden & Bach, Miami, for appellant.
Thompson & Freyer, Rentz, McClellan & Haggard, Miami, for appellee.
Before HENDRY, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
These appeals are from the same order and have been consolidated for all appellate purposes. The order appealed is a final judgment which dismissed the plaintiff Blanca Arrieta's complaint against defendants Volkswagen Insurance Company and Protective National Insurance Company of Omaha. Arrieta's complaint sought an order "... compelling the Defendants to proceed with the arbitration process in accordance with the terms of the insurance contracts ..." The controlling question presented is whether an injured plaintiff who has available $30,000.00 in uninsured motorist coverage, pursuant to Section 627.727, Florida Statutes (1975),[1] may, by petition, without bringing an action against the tortfeasor, who has available $10,000.00 liability coverage, compel arbitration under his own uninsured motorist coverage. The trial court held that prior to an action against the tortfeasor, the action upon the uninsured motorist coverage could not be maintained and, accordingly, the court dismissed the complaint.
The trial judge has set forth the factual basis for the ruling as follows:
"1. That there is no dispute herein that on or about July 14, 1974 Plaintiff was involved in an automobile accident, while riding as a passenger in a vehicle owned by Francisco Belarde; that it is further stipulated between counsel that the accident was caused by the negligence of one Tomas Manuel Acosta.
"2. That at the time and place of the accident it is agreed that the tortfeasor, Acosta, was insured for bodily injury liability insurance with limits represented by Plaintiff's counsel to be $10,000/$20,000; that the Court has been advised by Plaintiff's counsel that he has not proceeded against the alleged wrongdoer or his insurance company for damages arising out of the accident, notwithstanding the availability of the insurance on the alleged wrongdoer's vehicle; that, further, Plaintiff's counsel advises the Court that he does not intend or desire to so proceed.
"3. That it is further stipulated between counsel that at all times material to this cause the Defendant, Volkswagen Insurance Company, did have insurance coverage available to Miguel Arrieta on two separate vehicles; that each policy provided uninsured motorist coverage of $10,000/$20,000; that further, it is stipulated that Francisco Belarde, owner of the vehicle in which Plaintiff was riding, had a policy of insurance in full force and effect at the time and place of the said accident with Family Protection limits of $10,000/$20,000; that said insurance protection has been afforded to Mr. Belarde by Protective National Insurance Company.
"4. That Plaintiff's counsel takes the position herein that he does not have an obligation to first establish the amount of his damages by suing the alleged wrongdoer, or to thereby establish an insufficiency of insurance available from the alleged *920 wrongdoer, but that he has the right to proceed directly against the Defendants herein on the theory that their combined coverage exceeds that total coverage available from the wrongdoer; that Defendants oppose this theory on the grounds that Plaintiff has not at this time shown an insufficiency of insurance coverage from Acosta to satisfy his claim.
"5. The Court, after due consideration of the above stipulations and representations, rejects Plaintiff's argument, to wit: That he is entitled to proceed directly against the Defendants and the uninsured motorist coverage available through their policies without first establishing an insufficiency of insurance through an action against the alleged wrongdoer.
"6. The Court, therefore, grants the Motions to Dismiss, finding that there is not at this time sufficient basis to require the Defendants to submit to arbitration, and that Plaintiff has failed to alleged sufficient facts to establish the applicability of the Defendants' uninsured motorist coverage." [Emphasis supplied]
Appellant's position is as follows: In 1973, the Florida legislature modernized and expanded uninsured motorist coverage to make such coverage applicable in a factual situation such as that presented in the case at bar. At that time, the Uninsured Motorist Statute was amended to include the concept of "underinsured motorist coverage." Basically, such concept classifies a motor vehicle as an "uninsured motor vehicle" if there is liability insurance coverage for the offending vehicle, but the limits of liability insurance are less than the uninsured motorist coverage limits applicable to the innocent injured person. The pertinent statutory section provides:
"(2) For the purpose of this [uninsured motorist] coverage, the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
* * * * * *
"(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage." Section 627.727(2), Florida Statutes (1975).
Thus, by statutory definition, Arrieta sustained injuries as a result of an "uninsured motor vehicle" because the tortfeasor's liability limits were less than the uninsured motorist limits applicable to the plaintiff.
Arrieta's right to "stack" the uninsured motorist coverage upon the two vehicles owned by him is not in issue. See Liberty Mutual Insurance Company v. Evelyn Furman, 341 So.2d 1056 (Fla.3d DCA 1977), released February 1, 1977, and cases cited therein.
The appellee insurance companies take the position that because the true purpose of uninsured motorist coverage is to enable recovery within statutory limits of compensation which would have been available if a tortfeasor had been properly insured, see Government Employees Insurance Company v. Graff, 327 So.2d 88 (Fla.1st DCA 1976), plaintiff cannot avail herself of her uninsured motorist coverage without there first being a determination of whether the tortfeasor's coverage is adequate to cover plaintiff's damages. Appellee relies on the provision of the statute that uninsured motorist coverage is excess coverage. Section 627.727(1) provides:
* * * * * *
"The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation law, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident."
* * * * * *
Thus, we are presented with a question of method rather than a question of legal rights. We have not been referred to a *921 case holding that uninsured motorist coverage arbitration requires a suit against the tortfeasor. Of course, this was not likely where the courts were dealing with an uninsured tortfeasor prior to the 1973 change which included underinsured motorists as uninsured motorists under the circumstances mentioned above. We know of no case since 1973 so holding.
What are the practicalities of the two methods? If it is necessary to sue the tortfeasor first, then there must be a trial to establish negligence and the amount of damages. But both negligence and the amount of the damages have been held to be a part of the arbitration of uninsured motorist claims. See Bankers & Shippers Insurance Company v. Gonzalez, 234 So.2d 693 (Fla.3d DCA 1970). A settlement with the tortfeasor is precluded because by settling, the plaintiff may lose his uninsured motorist coverage. See Sena v. State Farm Mutual Automobile Insurance Co., 305 So.2d 243 (Fla.3d DCA 1974). If a plaintiff may proceed upon his own uninsured motorist coverage before pursuing the tortfeasor, one of two possibilities arises: (1) The courts may hold that the plaintiff may recover in such uninsured motorist arbitration only those damages which exceed the liability coverage of the tortfeasor. (2) The courts may hold that the plaintiff may recover the full amount of his damages and the defendant insurance companies will be forced to pursue the tortfeasor and his insurance company. Although the question is not now before us, we think that the first alternative is the more likely because otherwise the plaintiff will have lost interest in the action.
The law favors arbitration of claims. See Fenster v. Makovsky, 67 So.2d 427 (Fla. 1953). The principle has validity and a special public interest in view of the present state of automobile negligence litigation.
Finally, the statute as written by the legislature makes no reference to the necessity for a lawsuit prior to arbitration. The test is set out in the statute (Section 627.727(2), supra). For all purposes of the statute, a motor vehicle is "uninsured" when its liability insurer "has provided limits" less than the uninsured motorist limits applicable to the injured person. The test is clearly dependent only on "limits" of liability. We may not infer a test contrary to that set out by the legislature. See Smith v. Ryan, 39 So.2d 281 (Fla. 1949); and Palm Springs General Hospital, Inc. of Hialeah v. State Farm Mutual Automobile Insurance Company, 218 So.2d 793 (Fla.3d DCA 1969).
We, therefore, hold that the trial judge erred when he held that the plaintiff had no right to arbitration of his uninsured motorist claim.
Reversed and remanded for further proceedings in accordance with the views herein expressed.
NOTES
[1] Pertinent portion quoted infra.