345 So.2d 823 (1977)
GREAT AMERICAN INSURANCE COMPANY, Appellant,
v.
Pauline PAPPAS, As Personal Representative and Executrix of the Estate of John Pappas, Deceased, Appellee.
No. 76-876.
District Court of Appeal of Florida, Fourth District.
April 29, 1977.
*824 Larry Klein, West Palm Beach, and Pyszka, Kessler, Adams & Solomon, Fort Lauderdale, for appellant.
Wilton L. Strickland, of Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellee.
ALDERMAN, Judge.
This is an appeal by Great American Insurance Company from a final judgment confirming an arbitration award in favor of Pauline Pappas, the personal representative of her deceased husband's estate. The issue is whether uninsured motorist coverage in this case is determined by an earlier and larger arbitration award or by a later and smaller jury verdict against the uninsured motorist. We hold that the trial court correctly confirmed the arbitration award.
Mr. Pappas was killed in an automobile accident. The person who caused the accident had liability insurance coverage up to $100,000.00. Great American had issued an uninsured motorist policy to Mr. and Mrs. Pappas in the amount of $300,000.00.[1] Mrs. Pappas requested that Great American either join in her law suit against the tortfeasor or agree to be bound by the results of that suit. The insurance company refused and insisted on its arbitration rights under the policy.[2] The issues of liability *825 and damages under the uninsured motorist policy were then submitted to arbitration. The arbitrator found in favor of Mrs. Pappas and assessed her total damages at $216,000.00. This award was reduced to $111,695.75, after allowing set offs for the $100,000.00 liability insurance coverage of the tortfeasor and $4,304.25 personal injury protection payments made by Great American.
Great American refused to pay any part of the arbitration award. Mrs. Pappas proceeded with her suit against the tortfeasor and received a jury verdict in that case for $80,595.00. She then applied to the trial court for confirmation of the arbitration award and obtained judgment against Great American for $111,695.75.
Great American now contends that it is not liable for any part of the arbitration award because Mrs. Pappas did not obtain a judgment against the tortfeasor in excess of his liability limits. We reject this contention. Under the terms of the policy, any judgment Mrs. Pappas might obtain against the tortfeasor was not conclusive against Great American without its written consent.[3] In this case the insurance company not only refused to give such consent, it also insisted that the matter be submitted to arbitration. Not satisfied with the arbitration award, Great American now wants its liability determined by the jury's verdict in Mrs. Pappas's suit against the tortfeasor.
There is no provision in the policy, or in the Florida Statutes, requiring the insured to obtain judgment against the uninsured tortfeasor as a precondition of arbitration. Of course, the parties may agree that they will be bound by such judgment, but in this case the insurance company refused. Having insisted upon arbitration and having refused to join in the suit against the uninsured tortfeasor or to be bound by the judgment in that case, Great American cannot now avoid the arbitration award. As stated by the trial court in the final judgment: "The later results of the suit against the tortfeasor, while interesting, cannot alter, modify, or restrict the vesting of plaintiff's rights under the arbitration award, and is therefore irrelevant to these proceedings."
AFFIRMED.
MAGER, C.J., and LETTS, J., concur.
NOTES
[1] Uninsured motorist coverage has been expanded to include the concept of underinsured motorist coverage. The term "uninsured motor vehicle" by definition now includes an insured motor vehicle when the liability insurer thereof has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage. Section 627.727(2), Florida Statutes (1975). See also Arrieta v. Volkswagen Insurance Company, 343 So.2d 918 (Fla.3d DCA, opinion filed March 15, 1977).
[2] The policy provided:

8. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.
[3] The policy provided:

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.