348 So.2d 677 (1977)
Josefa APODACA, Appellant,
v.
OLD SECURITY CASUALTY INSURANCE COMPANY, Appellee.
Nos. 76-1590, 76-1764.
District Court of Appeal of Florida, Third District.
August 9, 1977.
Horton, Perse & Ginsberg, Luis Stabinski & Associates, Miami, for appellant.
Vernis & Bowling, Coconut Grove, and Stephen N. Montalto, North Miami, for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
PER CURIAM.
The appellant Josefa Apodaca appeals from a final summary judgment precluding her from proceeding to arbitration against the appellee Old Security Insurance Co. on an uninsured motorist claim. She contends that it was unnecessary for her to proceed to judgment against the negligent tortfeasor before she could arbitrate her uninsured motorist claim because the tortfeasor's liability insurance limits on bodily injury were less than the limits applicable under the uninsured motorist coverage. The law is clear that an injured plaintiff who has available uninsured motorist coverage may compel arbitration on an uninsured motorist claim without first proceeding to judgment against the negligent tortfeasor where the tortfeasor's liability insurance limits are less than the limits applicable under the uninsured motorist coverage. Arrieta v. Volkswagen Insurance Co., 343 So.2d 918 (Fla. 3d DCA 1977). We, accordingly, reverse the final summary judgment and remand with directions to enter a judgment in which the appellant may compel arbitration on her uninsured motorist claim without first proceeding to judgment against the negligent tortfeasor.
Reversed.