362 So.2d 390 (1978)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
Hannah REYER, Appellee.
No. 77-2040.
District Court of Appeal of Florida, Third District.
August 22, 1978.
*391 Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd Cowart, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Brumer, Moss, Cohen & Rodgers, Miami, for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
PER CURIAM.
Appellant, defendant below, brings this appeal from an adverse order granting appellee's, plaintiff below, motion for a judgment on her complaint for a declaratory decree and requiring appellant to submit to arbitration. We affirm.
Appellant issued an automobile owners policy of insurance to appellee. This policy was in effect at all times material to this cause. The policy of insurance carried a supplementary uninsured-underinsured motorist endorsement with coverage limits of $300,000. On September 11, 1976, appellee was a passenger in an automobile involved in an accident, and, as a result of the accident, she sustained bodily injuries. The coverage limit of the driver's automobile liability insurance policy at the time of the accident was $100,000. Appellee alleged that her injuries were so serious and permanent as to warrant the filing of an underinsured motorist claim under her policy with appellant. Thereafter, on February 14, 1977, appellee sent a letter to appellant requesting arbitration under her policy. Upon Appellant's refusal to arbitrate, appellee filed her complaint for a declaratory decree. Subsequently, she moved for a judgment on the pleadings which the trial court, in the order appealed, granted. In this order, the trial court also ordered appellant to submit to arbitration.
At the hearing on appellee's motion, the parties made the following primary contentions: Appellee contended that she was entitled to bring an underinsured motorist claim even though the driver's insurance company had not tendered his policy limits. Appellant contended that the policy endorsement expressly provided that appellee was not entitled to make a claim and that they were under no obligation to make a payment until after the limits of liability under all bodily injury policies applicable at the time of the accident had been exhausted.
These contentions also give rise to the basic question raised by this appeal, i.e., whether, under Florida law for the purposes of uninsured-underinsured motorist coverage, an insurer and insured may enter into a bona fide contract (policy) provision which requires that the insured must pursue the uninsured-underinsured motorist to a judgment or settlement prior to proceeding against its own insurer. In our opinion, the proper answer to this question is no.
For the same reasons we set forth in Arrieta v. Volkswagen Insurance Co., 343 So.2d 918 (Fla. 3d DCA 1977), we believe that public policy, as indicated by the clear expression of legislative intent in Section 627.727, Florida Statutes (1975), prohibits an insurer from legally conditioning its obligation *392 to afford uninsured-underinsured motorist coverage upon its insured's first pursuing the third party tort-feasor to a settlement or judgment. Accord, Government Employees Insurance Co. v. Friedman, 344 So.2d 288 (Fla. 3d DCA 1977); and c.f. Great American Insurance Co. v. Pappas, 345 So.2d 823 (Fla. 4th DCA 1977) (uninsured motorist coverage includes concept of underinsured motorist coverage). Accordingly, the order appealed therein is affirmed.
Affirmed.