370 So.2d 397 (1979)
LIBERTY MUTUAL INSURANCE CO., a Foreign Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Cynthia MARINO, Appellee.
No. 78-1124.
District Court of Appeal of Florida, Third District.
April 10, 1979.
Rehearing Denied May 21, 1979.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart, Miami, for appellant.
Kuvin, Klingensmith & Lewis and R. Fred Lewis, Coconut Grove, Groland, Brown & Huysman, Miami, for appellee.
Before HENDRY and KEHOE, JJ., and SCHULZ, GEORGE E. (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from an adverse summary final judgment granting appellee's, plaintiff below, motion for summary judgment and ordering appellant to submit to arbitration. We affirm.
In June of 1976, appellant issued an automobile owners insurance policy to Marie Low the mother of appellee, Cynthia Marino. The policy provided both uninsured and underinsured motorist coverage. The policy *398 also carried an operator restriction endorsement which provided that the insurance afforded by the policy would not apply with respect to any claim or suit arising from accidents occurring while any automobile covered by the policy was being operated or used by Marino. In October of 1976, Marino, while operating a vehicle owned by Marc Reinig, was struck by an automobile driven by Richard A. Lamas and owned by Nancy Peters. As a result of the bodily injuries sustained by her in this accident, Marino made a claim against appellant under the uninsured motorist coverage of her mother's policy. Appellant denied coverage stating that Marino was not entitled to uninsured motorist benefits. Thereafter, appellee filed a complaint for declaratory relief alleging that there was no policy of insurance applicable at the time of the accident with respect to ownership or use of the Peters' vehicle, and requesting that appellant be ordered to submit to arbitration. Appellant answered and stated that by endorsement Marino was excluded from uninsured motorist coverage under the policy. Thereafter, appellee filed a motion for summary judgment. At the hearing on the motion, appellant argued that the insured, Low, had expressly rejected uninsured motorist coverage with respect to appellee by listing her on the operator restriction endorsement. After the hearing, the trial court entered an order granting appellee's motion for summary judgment on the grounds that the operator restriction endorsement did not apply to the vehicle driven by Marino. Thereafter, appellant filed a motion for rehearing which was denied by the trial court; however, the trial court entered an amended order granting appellee's motion for summary judgment, deleting the portion of its previous order which stated that Marino was struck by an uninsured motorist and adding that the defense raised in appellant's amended answer was still at issue. Subsequently, appellee filed a second motion for summary judgment alleging that she was entitled to immediate arbitration regardless of whether the question of Lamas' insurance coverage had been resolved. The trial court granted the motion and entered a summary final judgment in favor of appellee. The judgment also ordered appellant to submit to arbitration. From this summary final judgment, appellant brings this appeal.
In one of its points on appeal, appellant contends that the trial court erred in granting the summary final judgment and in ordering it to submit to arbitration when genuine issues of material fact existed as to the availability of automobile liability insurance and where the uninsured motorist endorsement provided that it was not obligated to make payment until after the limits of all applicable liability policies had been exhausted.
Based upon the principles set forth in Liberty Mutual Insurance Co. v. Reyer, 362 So.2d 390 (Fla. 3d DCA 1978), Apodaca v. Old Security Casualty Insurance Co., 348 So.2d 677 (Fla. 3d DCA 1977), and Arrieta v. Volkswagen, 343 So.2d 918 (Fla. 3d DCA 1977), in our opinion, this point is without merit.
In its other point on appeal, appellant contends that the trial court erred in granting a partial summary judgment on the grounds that the operator restriction endorsement excluding appellee from coverage was not applicable.
Based upon the authority of Mullis v. State Farm, 252 So.2d 229 (Fla. 1971), we are further of the opinion, as was the trial court, that the operator restriction endorsement, under the facts of this case, did not operate to cut off uninsured motorist coverage to appellee. See Salas v. Liberty Mutual Fire Insurance Co., 272 So.2d 1 (Fla. 1973), and Butts v. State Farm Mutual Automobile Insurance Co., 207 So.2d 73 (Fla. 3d DCA 1968).
For the reasons set forth above, the summary final judgment appealed is affirmed.
Affirmed.