370 So.2d 1234 (1979)
Margaret Ann DICKEY, Appellant,
v.
GRANGE MUTUAL CASUALTY COMPANY, Appellee.
No. 78-911.
District Court of Appeal of Florida, Second District.
May 16, 1979.
*1235 Lee S. Damsker of Gordon & Maney, Tampa, for appellant.
H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
BOARDMAN, Judge.
Appellant Margaret Ann Dickey appeals the final judgment entered in favor of appellee Grange Mutual Casualty Company.
Dickey was injured in an automobile accident while a passenger in a vehicle operated by Frances Ballard. At the time of the accident Frances Ballard had liability insurance in the amount of $10,000. Dickey held an uninsured motorist policy issued by Grange with a limit of $20,000. Dickey determined that her injuries were in excess of Ballard's liability coverage and brought an uninsured motorist claim against Grange. Grange participated in an arbitration proceeding with Dickey. The arbitration panel filed its amended award of arbitration which provided:
AS A RESULT OF THE NEGLIGENCE OF FRANCES BALLARD IN THE OPERATION OF A MOTOR VEHICLE IN WHICH MARGARET A. DICKEY WAS A PASSENGER, MARGARET A. DICKEY, SUSTAINED TOTAL DAMAGES IN THE AMOUNT OF SEVEN THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($7,500.00), IN ADDITION TO PERSONAL INJURY PROTECTION BENEFITS PREVIOUSLY PAID BY GRANGE MUTUAL CASUALTY COMPANY.
Dickey filed a motion to confirm the arbitration award. Grange filed a motion to modify or vacate the award and an objection to the motion to confirm the arbitration award. At the hearing on these motions Dickey argued that the court should enter judgment against Grange for the entire amount of the arbitration award. Grange contended that since the amount of the arbitration award did not exceed the limits of Ballard's liability insurance Grange was not liable for any amount. The trial court ordered the arbitration award be modified to provide that "no portion of this award shall be payable" by Grange. It then confirmed the award as modified. This appeal was filed timely from that order.
Appellant, relying on Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977), argues that since she has a right to compel arbitration with her uninsured motorist carrier prior to instituting an action against the tortfeasor she has a right to entry of judgment against her carrier based on the arbitration award. However, Arrieta does not provide authority for this position. The issue in Arrieta was whether the insured could compel arbitration with his uninsured motorist carrier prior to initiation of an action against the tortfeasor. That court held that it could. The court expressly stated that it was not considering the extent of the uninsured carrier's coverage where the tortfeasor had liability insurance, that is whether it was the excess over the amount available from this tortfeasor or the full amount of the damages. This is essentially the question before us.
The purpose of uninsured motorist protection is to assure individuals that certain levels of compensation will be available to them regardless of the limits of any liability policy carried by the tortfeasor. Up to the limits of the policy the uninsured carrier is *1236 responsible for compensating the victim for damages which are not otherwise available. See Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978); § 627.727(1), Fla. Stat. (1977):
The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured under, any workmen's compensation law, personal injury protection benefits, disability benefits law, or any similar law; under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident.
We see no reason to expand the liability of the uninsured carrier to the full amount of the damages where benefits from the tortfeasor are available to the insured. See United States Fidelity & Guaranty Co. v. Gordon, 359 So.2d 480 (Fla. 1st DCA 1978).
AFFIRMED.
HOBSON, Acting C.J., and OTT, J., concur.