376 So.2d 1219 (1979)
David WEINSTEIN, Appellant,
v.
AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON, etc., Appellee.
No. 77-276.
District Court of Appeal of Florida, Fourth District.
November 21, 1979.
Mark C. Menser, Dewey A.F. Ries, Fort Lauderdale, for appellant.
David A. Graham, George E. Bunnell, of Huebner, Shaw & Bunnell, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant seeks review of a declaratory judgment which held that appellant, as an injured insured, must first seek and obtain payment, by settlement or after judgment, of all bodily injury liability insurance benefits from any alleged tortfeasor before he can compel arbitration under his own uninsured/underinsured motorists coverage.[1] In so holding the trial court stayed arbitration under the uninsured motorists provision *1220 of appellant's policy. The stay was based on the following policy provision:
The company shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of the ownership, maintenance or use of an underinsured highway vehicle until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.
We find that provision to be violative of the intent of the uninsured/underinsured statute, Section 627.727, Florida Statutes (1977). In Apodaca v. Old Security Casualty Insurance Company, 348 So.2d 677 (Fla. 3d DCA 1977), it was held that the injured plaintiff may compel arbitration with his carrier without first proceeding to judgment against the alleged tortfeasor where the tortfeasor's liability limits are less than the injured plaintiff's uninsured motorists coverage.
Arrieta v. Volkswagen Insurance Company, 343 So.2d 918 (Fla. 3d DCA 1977), deals with the same point presented by the instant case, and holds arbitration should not be stayed. It is not of record here what the alleged tortfeasor's coverage may be, if in fact the alleged tortfeasor had coverage. That question, however, is not determinative of the main issue: whether appellant may compel arbitration. In Arrieta, supra, it was held the plaintiff was not required to file suit against the alleged tortfeasor before he could compel arbitration because the statute did not so require and the law favors arbitration. To require the injured plaintiff (the insured appellant) to first obtain payment of a judgment or settlement is requiring more than the statutory intention and effectively limits the effect of this statute which is meant to provide coverage for an insured where the tortfeasor has no insurance or inadequate insurance to recompense the injured insured. If there is adequate coverage for the tortfeasor, the appellee has other remedies to establish its rights against the tortfeasor. Because there is a question whether the tortfeasor has coverage, or a question of the amount of coverage available to the tortfeasor, the injured plaintiff might have to wait for that question to be resolved before he can prove that element of his presentation to the arbitration board but we cannot keep the plaintiff from going to arbitration at his own risk. It is risky because if the plaintiff assumes there is coverage available to the tortfeasor, and there is not, then his award from his own carrier will be less than he would have received if he proved no coverage (or coverage in a lesser amount) available to the tortfeasor.
The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BERANEK, J., and CROSS, SPENCER, C., and DAUKSCH, JAMES C., Jr., Associate Judges, concur.
NOTES
[1] Section 627.727, Florida Statutes (1977).