387 So.2d 976 (1980)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Michael A. LANG, Appellee.
No. 79-994.
District Court of Appeal of Florida, Second District.
June 20, 1980.
*977 Lewis F. Collins, Jr. of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellant.
Michael R. Karp of Wood, Whitesell & Karp, Sarasota, for appellee.
OTT, Judge.
Appellant issued a policy providing $50,000 in uninsured/underinsured motorist coverage to appellee. Appellee had an accident and elected to arbitrate his claim under the policy rather than pursue the tortfeasor, whose liability insurance limits were $15,000. The arbitration panel concluded that appellee sustained damages of $50,000 in the accident, for which he was 60% responsible, and accordingly awarded him $20,000. The panel rejected appellant's request for a $15,000 setoff in recognition of the tortfeasor's known liability insurance limits.
Appellee then filed suit against appellant to confirm the arbitration award. The circuit court rendered judgment on the pleadings in favor of appellee for $20,000 and awarded appellee his arbitration costs in the sum of $1,702.94. Appellant's request for a $15,000 setoff was again denied. We reverse.
The trial court erred in refusing to allow the setoff. Uninsured and underinsured motorist insurance provides coverage in excess of, but does not duplicate, benefits available to the insured from the tortfeasor. § 627.727(1), Fla. Stat.; Dickey v. Grange Mutual Casualty Co., 370 So.2d 1234 (Fla. 2d DCA 1979).
We can find no authority for appellee's contention that only benefits "actually received" by the insured can be applied as an offset against his uninsured/underinsured motorist coverage. There is nothing in the statute or elsewhere suggesting that the word "available" in Section 627.727(1) was not used intentionally. We believe that a tortfeasor's liability insurance coverage is "available" to one injured at the hands of the former, even though proceedings have not yet been instituted against the tortfeasor. The tenor of appellee's argument to the contrary suggests that he may have misconstrued certain language in the cases holding that one insured against injury by an underinsured tortfeasor may look to his carrier for payment without first pursuing his claim against the tortfeasor, e.g., Arrieta v. Volkswagen Insurance Co., 343 So.2d 918 *978 (Fla. 3d DCA 1977). That principle, however, has no bearing on the issue addressed here. The issue here concerns not the right of recovery from the insurer, but rather the amount of recovery. We do note dicta in Arrieta approving the result we reach here. 343 So.2d at 921.[1]
Appellee's reliance on Great American Insurance Co. v. Pappas, 345 So.2d 823 (Fla. 4th DCA 1977) is misplaced. There, the insurer insisted on arbitration of Mrs. Pappas' claim under its $300,000 UMC, and gave unequivocal notice that it would neither participate in her proceedings against the tortfeasor nor be bound by any verdict she might obtain therein. The arbitration panel awarded Mrs. Pappas $216,000, less the tortfeasor's $100,000 liability insurance coverage. Later, Mrs. Pappas obtained a verdict for $80,000 in her action against the tortfeasor. Her insurer refused to pay the arbitration award on the ground that the jury evaluation of her damages would be paid in full by the tortfeasor's liability carrier. Mrs. Pappas then sued her insurer and obtained judgment for the full amount of the arbitration award. That judgment was affirmed on appeal because the award had vested when it became final. The insurer had refused to either join in the suit or consent to be bound by the verdict against the tortfeasor, and therefore was bound by the results of the arbitration on which it had insisted. There are no parallels between that case and the one presented here.
Appellee hypothesizes that his action against the tortfeasor might terminate in a defense verdict, in which case appellant would "get a windfall" of $15,000. To the contrary. Should that occur, the "windfall" would be appellee's, i.e., he will have recovered $5,000 from appellant for an accident determined by a jury to have been wholly his own fault. But that is merely the result of having two independent tribunals concurrently empowered to adjudicate fault and damage.
Appellant also attacks the award of costs incurred in the arbitration proceeding, and relies upon American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645 (Fla. 3d DCA 1975) as authority. The trouble with American Service, as noted in the dissenting opinion thereto, is that it is in direct conflict with State Farm Mutual Automobile Insurance Co. v. Rutkin, 199 So.2d 705 (Fla. 1967). See, also, Eagle Star Insurance Co. v. Parker, 365 So.2d 780 (Fla. 4th DCA 1978) and McNair v. Continental Insurance Co., 245 So.2d 634 (Fla. 1st DCA 1971), both of which follow Rutkin. As a matter of fact, Rutkin itself originated in the Third District Court of Appeal. Our supreme court approved the majority opinion written there and tacitly rejected a dissenting opinion by the author of the subsequent American Service decision. We find no merit in appellant's attack on the cost award.
The award of costs is therefore affirmed. The judgment for the arbitration award of $20,000 is modified by reducing it to $5,000 and, as modified, affirmed.
BOARDMAN, Acting C.J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.
NOTES
[1] Since neither this court nor our supreme court has as yet expressly adopted the principal holding of Arrieta, this would be a propitious opportunity to address that issue. The parties do not raise it, however, and thus it is not before us. However, nothing we say herein is to be taken as an opinion on that issue.