678 So.2d 872 (1996)
U.S. SECURITY INSURANCE COMPANY, Appellant,
v.
MAGNETIC IMAGING SYSTEMS, I, LTD., Appellee.
No. 95-3316.
District Court of Appeal of Florida, Third District.
August 14, 1996.
Rehearing Denied September 18, 1996.
*873 Michael A. Nuzzo, Kubicki Draper and David B. Pakula, Miami, for appellant.
Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, and Scott D. Sheftall and Steven M. Brady, Miami, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Appellant U.S. Security Insurance Co. [Security] appeals the denial of its motion to compel arbitration pursuant to section 627.736(5), Florida Statutes (1995)[1] of a statutory interest claim for late payment under section 627.736(4)(b)-(c), Florida Statutes (1995)[2]. The interest claim was filed by appellee Magnetic Imaging Systems, I, Ltd. [Magnetic], a medical provider. We reverse and remand the case for arbitration of the interest claim.
Magnetic filed suit against Security, asserting entitlement to statutory interest because a payment of personal injury protection (PIP) benefits assigned to Magnetic and incurred by Security's insured was made late. Security's only response to the complaint was its motion to compel arbitration, relying on section 627.736(5). The trial court denied the motion and Security filed this appeal which places two main issues before this Court: (1) whether the arbitration provision mandated by section 627.736(5) should be considered part of the insurance policy where it is not included in the policy was written, and (2) if it is, whether a claim for late-payment interest is arbitrable. We answer both questions affirmatively.
In 1990, section 627.736(5) was added to the Florida Insurance Code [chs. 624-32, 634, 635, 638, 641, 648, 651, Fla.Stat.] requiring insurers to include a provision in automobile insurance policies for binding arbitration of any claims disputes involving medical benefits arising between the insurer and an assignee of PIP medical benefits. The policy here involved was issued shortly after the effective date of the statute and did not include the arbitration provision within its text. We find, however, that this arbitration provision should be read into the policy so that it complies with applicable Florida law. See Kaufman v. Mutual of Omaha Ins. Co., ___ So.2d ___, 1996 WL 425720 (Fla. 3d DCA July 31, 1996) ("If an insurance policy does not comply with the Insurance Code, the policy is to be construed in a way which brings it into compliance."); see also § 627.637, Fla.Stat. (1995).
With respect to the second question concerning the arbitrability of the late-payment interest claim, we find that such a claim qualifies as a "claims dispute involving medical benefits arising between the insurer and [a] person [or entity] providing medical services or supplies...." § 627.736(5), Fla. Stat. (1995). With regard to a determination of issues subject to an arbitration clause, the First District has stated:
"[A]ny time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that `[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration *874 clause is not susceptible of an interpretation that covers the asserted dispute.'"
Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc., 543 So.2d 359, 362 (Fla. 1st DCA 1989) (citing AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)) (emphasis added); see also Fenster v. Makovsky, 67 So.2d 427 (Fla.1953) (arbitration is favored and disputes should be resolved in favor of arbitration); Arrieta v. Volkswagen Ins. Co., 343 So.2d 918, 921 (Fla. 3d DCA 1977) (same). In this case, we cannot say "with positive assurance" that statutory late-payment interest "is not susceptible of arbitration as a section 637.736 "claims dispute."
Security paid the amount claimed by Magnetic for the services it rendered to the insured before the present lawsuit was filed, but that payment was made well past the thirty-day time limit imposed under section 637.736(4)(b). Magnetic contends that since the only issue remaining between the parties is the amount of the statutory interest admittedly due, that issue is not subject to arbitration under the statute governing "claims disputes." Considering the potential ramifications of such holding, we cannot agree with Magnetic's position.
We decline to hold that a statutory interest claim resulting from a late payment for services rendered is not a "claims dispute involving medical benefits" subject to section 627.736(5) arbitration. Such a ruling would create situations where principles of judicial economy would be violated, such as where a claims dispute arising from a complete failure to pay for services rendered to an insured is presented to an arbitrator, who finds that the services should be paid for, and, because the payment was delayed, further decides that statutory interest is due. If the amount of interest due were not subject to arbitration, medical providers seeking recovery for services rendered would have to go through an entire arbitration proceeding to prove entitlement to payment for services[3] and then be required to file a separate lawsuit for the sole purpose of obtaining a court determination of the amount of late-payment interest owed. Such a waste of precious judicial labor could not have been within legislative intent at the time this statute was passed and cannot be permitted where the arbitrator is fully competent to apply the statutory interest rate to any payment award she or he might make.
Although there was no need for a determination of payment liability in this case, the claim for statutory interest is still a "claim[ ] dispute ... between the insurer and [a] person providing medical services or supplies..." within the context of the Insurance Code, and is arbitrable to the same extent as any other portion of a "claims dispute involving medical benefits." The case is therefore reversed and remanded for arbitration of Magnetic's claim.
Reversed and remanded.
NOTES
[1] This subsection reads, in relevant part:

"Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits."
(emphasis added).
[2] These subsections read, in relevant part:

"(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is funished written notice of the fact of a covered loss and of the amount of same.
. . . .
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year."
[3] In order to reach a decision on the issue of whether an insurer owes payment to a provider for services rendered to its insured, the arbitrator must review all relevant facts, including timeliness of any payments made. The arbitrator is fully competent to apply the statutory criteria for an interest award, if appropriate.