CORTIÑAS, Judge.
The plaintiff, David Stone (“Stone”), appeals from a final order dismissing his complaint with prejudice. We affirm.
*533 Stone was the beneficiary of a life insurance policy with a face amount of $150,000, which had been issued to his wife, Susan Stone, by Jackson National Life Insurance Company (“Jackson”). In April 1999, Ms. Stone died, and Stone notified Jackson of her death. On June 22, 1999, after receiving Ms. Stone’s death certificate and claim forms from Stone, Jackson paid $151,105.63 to Stone, which included the face amount of the policy and interest.
On June 4, 2004, almost five years later, Stone filed a complaint against Jackson alleging a breach of contract and violation of section 627.4615, Florida Statutes (1999), on the ground that the amount paid to Stone “failed to include the correct amount of interest to the death benefit as required by Florida Statute § 627.4615.” In response, Jackson filed a motion to dismiss, arguing that, since the complaint was based exclusively on an alleged statutory violation, it was time-barred under section 95.11(3)(f), Florida Statutes (1999).
After conducting a hearing, the trial court granted Jackson’s motion to dismiss with prejudice, concluding that “the four-year statute of limitations applicable to actions founded on [] statutory liability applies in this case and not the five-year statute of limitations applicable to contract claims” as argued by Stone.
We review the trial court’s ruling de novo, and affirm. See Execu-Tech Business Sys., Inc. v. New Oji Paper Co., Ltd., 752 So.2d 582, 584 (Fla.2000)(holding that “a trial court’s ruling on a motion to dismiss based on a question of law is subject to de novo review”). The trial court correctly found that Stone’s claim is founded on statutory liability and, as such, is governed by the statute of limitations period in section 95.11(3)(f), which states that actions founded on statutory liability must be commenced within four (4) years.
Stone contends that his claim is for breach of a contract because section 627.452(1), Florida Statutes (1999),[1] mandates that section 627.4615 be included in the insurance contract. Therefore, Stone contends that section 95.11(2)(b), Florida Statutes (1999), providing for a five-year statute of limitations period for claims based on contract violations, should apply. Stone maintains that, although the policy did not contain the substantive provisions of section 627.4615, these provisions must be read into the policy to bring it in compliance with applicable Florida law. See Kaufman v. Mut. of Omaha Ins. Co., 681 So.2d 747, 750 (Fla. 3d DCA 1996).
Conversely, Jackson argues that Stone’s claim for interest is not based on a contractual obligation because Stone’s complaint does not allege that any policy term was breached, but refers, instead, to the alleged violation of section 627.4615. Jackson also argues that section 627.452(1) does not mandate that section 627.4615 be included in the policy. Jackson contends that, since section 627.4615 does not contain language such as “shall be included,” mandating it to be included in the insurance policy, unlike other enumerated statutes, the court should not construe the policy as if it contained section 627.4615.[2] *534 Accordingly, under section 627.452(1), the statutory obligation concerning a lump sum death payment contained in section 627.4615 need not be -written into insurance policies as it is not “required ,by” section 627.4615.
A plain reading of the words “as required by” in section 627.452(1) reveals that the insurer need only include those sections which are required by their language to" be included in the insurance policy. See Exposito v. State, 891 So.2d 525, 528 (Fla.2004)(giving plain and ordinary meaning when interpreting statutory language). For example, section 627.453, one of the enumerated sections, states that “[ejvery insurance contract shall provide that the insured is entitled to a grace period.... ” § 627.453, Fla. Stat. (1999)(emphasis added). Similarly, section 627.454 states that “[ejvery insurance contract shall provide that the policy ... shall constitute the entire contract between the parties.” § 627.454, Fla. Stat. (1999)(emphasis added).
Additionally, it is important to distinguish the section at issue, which requires interest for lump sum benefits, with section 627.462, which applies to benefits paid in installments. Section 627.462, which is also one of the enumerated statutes under section 627.452(1), states that “a table showing the amount and period of such installments shall be included in the policy.” § 627.462, Fla. Stat. (1999)(emphasis added). The language of section 627.462 mandates that a table providing for the amount and period of installments be included in the policy. Thus, if this section, along with sections 627.453 and 627.454 were not included in the policy, we would be required to read the policy in a way which brought it in conformity with these statutes. See Kaufman, 681 So.2d at 750.
However, the language of the statute at issue in the instant case, section 627.4615, does not mandate it to be included in the policy. It simply provides a method of calculating the rate of interest for death benefits. Therefore, the statute does not marídate that its requirements be included in life insurance policies, and we cannot read those requirements into the policy.
Nevertheless, Stone attempts to analogize U.S. Security Insurance Co. v. Magnetic Imaging Systems, I, Ltd., 678 So.2d 872 (Fla. 3d DCA 1996) to the instant case. One of the issues in Magnetic involved an arbitration provision under section 627.736(5), which was not included in the insurance policy. Id. at 874. This court agreed with appellant and required arbitration of a statutory interest claim for late payment of benefits, finding that the arbitration provision should be read into the policy so that it complies with applicable Florida law. Id. However, the arbitration provision contained the requisite language mandating it to be included in the policy. Section 627.736(5), at issue in Magnetic, stated that “every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration....” § 627.736(5), Fla. Stat. (1995)(emphasis added). Here, since the statute at issue in the instant case does not contain the requisite mandatory language, the reasoning in Magnetic is inapposite.
It is important to note that the Magnetic court did not find that section 627.736(4)(b)-(e), which mandates that interest shall be paid on overdue personal injury protection benefits, should be read into the policy. Like section 627.4615, section 627.736(4)(b)-(c) does not contain the *535 mandatory language requiring this provision to be included in the policy. Instead, section 627.736(4)(b)-(c) simply provides for the rate of interest to be paid on overdue benefits.
Because section 627.4615, requiring the payment of interest on lump sum benefits, does not contain mandatory language commanding it to be included in the insurance policy, we find that this provision was not part of the policy, and that Stone’s claim was based on statutory liability. Accordingly, the four-year statute of limitations for statutory violations under section 95.11(3)(f) applies to this case. Stone’s complaint was properly dismissed.
Affirmed.

. Section 627.452(1) provides, in relevant part:
No policy of life insurance ... shall be delivered or issued for delivery in this state unless it contains in substance each of the provisions as required by ss. 627.453-627.462 inclusive and ss. 627.475 and 627.476, or provisions which in the opinion of the office are more favorable to the policyholder.
§ 627.452(1), Fla. Stat. (1999)(emphasis added).

. Section 627.4615, Florida Statutes (1999) provides, in relevant part:
When a policy provides for payment of its proceeds in a lump sum upon the death of *534 the insured, the payment must include interest, at an annual rate equal to or greater than the Moody’s Corporate Bond Yield Average-Monthly Average Corporate as of the day the claim was received....
§ 627.4615, Fla. Stat. (1999).