# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3389
_____

RICHARD HALE,

Appellant,

v.

GEICO GENERAL INSURANCE
COMPANY,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

June 5, 2024

LONG, J.

Richard Hale was involved in an automobile crash with motorist Marquisha Thurman. Hale initially pursued a claim with Thurman's insurance but later abandoned it. Thurman had an insurance policy with a $25,000 per person limit. Claiming damages in excess of Thurman's policy, Hale pursued an underinsured motorist claim with his own insurance company, GEICO General Insurance Company ("GEICO"). GEICO argued that Thurman was not an underinsured motorist and that any damages he had were within Thurman's policy limits. GEICO refused to pay Hale underinsured motorist benefits.

The dispute between Hale and GEICO eventually proceeded to trial. The jury was asked whether Hale was legally entitled to

collect damages from Thurman and in what amount. The jury found that Thurman was a legal cause of loss, injury, or damage to Hale, and awarded him a total of $17,000 in damages. The court subsequently entered final judgment in favor of Hale.

In a post-trial motion, GEICO moved to setoff the verdict by Thurman's policy limits pursuant to section 627.727, Florida Statutes (2020). It also filed two other motions, moving the court to amend the final judgment entered in favor of Hale and for attorney's fees and costs. Following a hearing, the trial court granted GEICO's setoff motion and amended the final judgment in favor of GEICO, finding that under section 627.727, an underinsured motorist carrier is entitled to a setoff in the amount of benefits available to its insured under the underinsured's liability policy. Because Thurman was insured under a policy which provided bodily injury liability limits of $25,000, and because that full amount was available to Hale at the time of the accident, the court found GEICO was entitled to setoff. Accordingly, the trial court also granted GEICO's motion for fees and costs.

On appeal, Hale argues that the trial court erred in granting GEICO's motion for post-trial setoff because GEICO waived the claim by not adequately pleading setoff as an affirmative defense. He also argues that GEICO failed to demonstrate that the funds from Thurman's policy were "available" to him.

We first note that GEICO did not waive its entitlement to setoff. Section 627.727(6)(c), provides that an underinsured motorist carrier "is entitled to a credit against total damages in the amount of the limits of the underinsured motorist's liability policy," even if the insured's settlement with the underinsured or payment by the underinsured's insurer is for less than his full liability policy limits. § 627.727(6)(c), Fla. Stat. Nowhere in this statute does it require an insurer to plead setoff as an affirmative defense. Thus, GEICO did not waive its setoff entitlement. GEICO properly asserted its right to setoff in a post-trial motion.

The statute treats the funds from Thurman's policy as available to Hale, even if they are not actually paid to him. This is because section 627.727(6) "entitles an insurer to credit for the full amount of the underinsured motorist's liability policy, whether

or not the full amount has been paid to the insured." *State Farm Mut. Auto. Ins. Co. v. Siergiej*, 116 So. 3d 523, 529 (Fla. 2d DCA 2013). A tortfeasor's liability coverage is considered to be available to an injured insured even when no proceedings have been commenced against the tortfeasor, and the insured has not actually received any benefits. *Gov't Emps. Ins. Co. v. Lang*, 387 So. 2d 976, 977–78 (Fla. 2d DCA 1980). We, therefore, affirm the trial court's orders granting GEICO's motion for setoff and amending the final judgment in favor of GEICO.

Hale also appeals the trial court's award of attorney's fees and costs. Regarding that challenge, we note that the order below reserves jurisdiction to determine the amount of fees. As such, we lack jurisdiction to review that portion of the appeal and must dismiss it. *See Russell v. Russell*, 295 So. 3d 314, 315 (Fla. 1st DCA 2020).

AFFIRMED.

ROWE and NORDBY, JJ., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————

Patrick R. Frank and Keisha D. Rice of Frank & Rice, P.A., Tallahassee, for Appellant.

Caryn L. Bellus and Benjamin B. Carter of Kubicki Draper, P.A., Miami, for Appellee.

3