STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation licensed to do business in the State of Colorado, Plaintiff–Appellant,

v.

Guadalupe BENCOMO, individually and as parent and natural guardian of Katherine Bencomo, a minor child, Defendant–Appellee.

No. 93CA0515.

Colorado Court of Appeals, Div. II.

March 24, 1994.

Shaw & Quigg, P.C., Lewis M. Quigg, Pueblo, for plaintiff-appellant.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Joyce A. Dunning, Colorado Springs, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, State Farm Mutual Automobile Insurance Company, appeals that portion of a declaratory judgment determining that defendant, Guadalupe Bencomo, could claim underinsured motorist coverage for injuries incurred by his minor daughter, Katherine Bencomo. We affirm.

Katherine Bencomo was struck and injured by an automobile operated by a third party. The third party had an automobile liability policy with a $25,000 limit. Bencomo sued the third party and subsequently settled for $15,000. By affidavit Bencomo's attorney averred that this settlement provided a greater net recovery to Bencomo than could be expected from continued litigation against the third party.

While the suit against the third party was still pending, Bencomo also made a claim against his own insurer, State Farm, for underinsured motorist coverage. In addition, he demanded arbitration. His policy provided, in pertinent part:

If the vehicle involved in the accident is an 'underinsured motor vehicle' as described, THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

Based on that provision, State Farm refused Bencomo's demand for arbitration and brought this declaratory judgment action.

On cross-motions for summary judgment, the court determined that:

This policy requires that the underlying civil action [against the third party] be settled or tried and that payment be received before [Bencomo] may proceed to arbitration. It does not require that $25,000 be received [from the third party], but only that the claim be resolved and paid. The right to recovery would be exhausted and the limits of liability bonds and policies used up upon settlement and payment of less than the full $25,000 provided, however, that no claim could be made [against State Farm] for the first $25,000 of injuries even if a lesser amount is accepted in settlement [from the third party].

Thus, the trial court determined that State Farm would be given credit for the third party's $25,000 policy limit even though the settlement was for a lesser amount.

The coverage issue was determined in favor of Bencomo, and the court ordered the parties to proceed to arbitration. Only the coverage issue is before us.

### I.

State Farm contends that the policy language requiring that the third party's policy limits be "used up by payment of judgments or settlements" prohibits Bencomo's underinsured motorist claim because Bencomo settled his underlying tort claim against the third party for less than the third party's policy limits. We disagree.

■ An insurance policy is a contract and must be interpreted to carry out the intent of the parties. As in any other contract, the words and phrases in an insurance policy are to be given their plain, everyday meaning, and strained constructions should be avoided. *Allstate Insurance Co. v. Starke*, 797 P.2d 14 (Colo.1990).

■ Ambiguities in an insurance contract are properly construed against the drafter and in favor of the insured. *Wilson v. Automobile Owners Ass'n Insurance Co.*, 148 Colo. 550, 366 P.2d 654 (1961). A word or term in a policy is ambiguous if it is susceptible to more than one reasonable meaning. *Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083 (Colo. 1991).

■ And, even an unambiguous term of an insurance policy may be declared void if the interest in enforcing the provision is outweighed by a contrary public policy. *See Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984).

■ Here, State Farm interprets the phrase "used up by payment of judgments or settlements" to mean that an insured must actually receive the full amount, to the last penny, of the tortfeasor's policy limits before underinsured motorist coverage would be available. Bencomo argues that he "used up" the limits of the third party's policy by settling for a sum less than those limits. We agree with Bencomo that the trial court properly construed that ambiguous term in his favor, in accordance with public policy, and allowed him to claim underinsured motorist benefits for the difference between the tortfeasor's policy limits and his underinsured motorist policy limits.

■ This construction is consistent with the purposes of underinsured motorist insurance, which are to provide an insured with benefits to the extent necessary to recover for losses caused by a negligent and financially irresponsible motorist, subject to policy limits, and to place the injured party in the same position as if the underinsured had liability coverage limits equal to the insured's coverage. *See Kral v. American Hardware Mutual Insurance Co.*, 784 P.2d 759 (Colo. 1989); *Heirs of Leetz v. Amica Mutual Insurance Co.*, 839 P.2d 511 (Colo.App.1992).

■ By statute, the liability of an insurer for underinsured motorist coverage is not contingent upon the insured's full recovery under the tortfeasor's policy. *See* §§ 10–4–609(4) and 10–4–609(5), C.R.S. (1987 Repl. Vol. 4A).

■ This construction is also consistent with the public and judicial policies of Colorado favoring settlement of disputes. *See Colorado Insurance Guaranty Ass'n v. Harris,* 827 P.2d 1139 (Colo.1992), *aff'g,* 815 P.2d 983 (Colo.App.1991).

Here, Bencomo determined that he would recover more by settling for less than the third party's policy limits than he would by continuing his litigation against that party. To allow the insurer to avoid its obligation to provide Bencomo underinsured motorist coverage in such circumstances would cause futile litigation and excess cost and would discourage advantageous settlements.

This construction accords with the decisions of the majority of other courts considering the issue. *See Weinstein v. American Mutual Insurance Co.,* 376 So.2d 1219 (Fla. App.1979) (clause violates intent of statute); *Mulholland v. State Farm Mutual Automobile Insurance Co.,* 171 Ill.App.3d 600, 122 Ill.Dec. 657, 527 N.E.2d 29 (1988) (clause void as against public policy); *Estate of Rucker v. National General Insurance Co.,* 442 N.W.2d 113 (Iowa 1989) (clause violates public policy; insured presumed to have received policy limits); *Schmidt v. Clothier,* 338 N.W.2d 256 (Minn.1983) (clause void as against public policy); *Mann v. Farmers Insurance Exchange,* 108 Nev. 648, 836 P.2d 620 (1992) (clause violates public policy); *Longworth v. Van Houten,* 223 N.J.Super. 174, 538 A.2d 414 (1988) (exhaustion requirement limits amount recoverable by deduction of tortfeasor's full policy limit); *Bogan v. Progressive Casualty Insurance Co.,* 36 Ohio St.3d 22, 521 N.E.2d 447 (1988). *Contra Continental Insurance Co. v. Cebe–Habersky,* 214 Conn. 209, 571 A.2d 104 (1990).

## II.

The trial court did not determine that State Farm would be liable for the difference between the third party's policy limits and the amount of Bencomo's settlement. Therefore, we find no merit in State Farm's argument that such a determination was error. *See also Colorado Insurance Guaranty Ass'n v. Harris, supra.*

The judgment is affirmed.

METZGER and JONES, JJ., concur.