PRUDENTIAL PROPERTY AND CA-
SUALTY INSURANCE COMPA-
NY, Plaintiff–Appellant,

v.

David LaROSE and Denise LaRose,
Defendants–Appellees.

No. 95CA0349.

Colorado Court of Appeals,
Div. IV.

May 2, 1996.

Watson, Nathan & Bremer, P.C., Howard W. Bremer, Joseph J. Fraser, III, Denver, for Plaintiff–Appellant.

Solano Law Offices, Manuel J. Solano, Anita R. McGann, Northglenn, for Defendants–Appellees.

Opinion by Judge BRIGGS.

In this action for declaratory judgment, plaintiff, Prudential Property and Casualty Insurance Company (insurer), appeals the summary judgment entered in favor of defendants, David LaRose and Denise LaRose (insureds). The insurer contends the trial court erred in finding that the insureds' car insurance policy covered the motorcycle accident at issue, in denying its motion to amend the complaint, in failing to apply one of the policy's exclusions, and in finding the insureds gave adequate notice of the claim. We affirm.

The automobile insurance policy issued to the insureds included underinsured motorist (UIM) coverage. While the policy was in effect, the insured David LaRose was injured when the motorcycle he was riding while on duty as a police officer was struck by a car. After learning that the owner of the car was underinsured, the insureds filed a claim under their policy.

The insurer filed this action, seeking an order that it was not obligated to the insureds because the policy excluded UIM coverage for bodily injury sustained while an insured is using a regularly used non-owned car and because the insureds failed to provide notice as required by the policy. The insurer later sought to amend its complaint to add a claim that, even ignoring policy exclusions, the policy's UIM coverage did not extend to the insureds' claim.

The insurer and insureds each filed motions for summary judgment. After a hearing, the trial court concluded that the policy was ambiguous and thus should be construed to provide coverage and that the exclusions were not applicable. It further found that the insureds had given timely notice of the claim. The court therefore granted the insureds' motion for summary judgment.

## I.

The insurer asserts the trial court erred in finding that the policy provided UIM coverage for an insured who is struck by a motor vehicle while the insured is riding a motorcycle. We disagree.

The policy's description of the insurer's UIM obligation includes the following statement:

> If you have this coverage (see the Declarations), we will pay up to our limit of liability for bodily injury or property damage that is covered under this part when an insured (*whether or not occupying a car*) is struck by an uninsured or underinsured motor vehicle. (emphasis added)

However, a separate section defining "Who Is Insured" includes the following statements:

> You and a resident relative are insured *while using your car or a substitute car* covered under this part.... You and a resident relative are insured *while using a non-owned car.* ... You and a resident relative are insured if hit by an uninsured or underinsured motor vehicle *while a pedestrian.* (emphases added)

Whether contract provisions are ambiguous is a question of law. *See Fire Insurance Exchange v. Rael*, 895 P.2d 1139 (Colo.App.1995). Ambiguous or inconsistent provisions of an insurance contract are to be construed against the insurer, as the drafter, and in favor of providing coverage to the insured. *State Farm Mutual Automobile Insurance Co. v. Nissen*, 851 P.2d 165 (Colo. 1993).

Here, the insurer claims that an insured riding a motorcycle is not entitled to UIM benefits because the risk of being struck by a

car while riding a motorcycle is not included in the section defining who is insured for UIM purposes. We agree with the insurer that the definitional phrases, "while using your car," "while using a non-owned car," and "while a pedestrian" do not include a motorcyclist hit by an underinsured driver. However, we also agree with the insureds that the separate express obligation to provide UIM coverage if an insured is struck by an underinsured motor vehicle, "whether or not occupying a car," is a broad grant of UIM coverage that includes an insured struck while using a motorcycle.

The insurer argues that to read the insurer's obligation provision in this manner renders meaningless the phrase in that provision, "that is covered under this part." This reference directs the reader to the definitional section, which, as noted, does not include a motorcyclist within the definition of an insured for UIM purposes.

Nevertheless, the reference in the obligation provision, "whether or not occupying a car," contradicts the more limited language in the definitional section. The insurer's interpretation renders this phrase equally meaningless.

When construed as they would be understood by a person of ordinary intelligence, the policy provisions are in conflict. Hence, they are ambiguous and must be construed against the insurer and in favor of coverage to the insured. *See State Farm Mutual Automobile Insurance Co. v. Nissen, supra.*

■ Our construction of the contract is supported by the legislative intent underlying the uninsured and underinsured motorist statute. Its purpose is in part to place the insured in the same position as if the underinsured's coverage included liability limits equal to that of the insured. *See State Farm Mutual Automobile Insurance Co. v. Nissen, supra; State Farm Mutual Automobile Insurance Co. v. Bencomo,* 873 P.2d 47 (Colo. App.1994); § 10–4–609(4), C.R.S. (1994 Repl. Vol. 4A); *see also Keelan v. Van Waters & Rogers, Inc.,* 820 P.2d 1145 (Colo.App.1991), *aff'd,* 840 P.2d 1070 (Colo.1992)(statutory law that pertains to the terms of a contract is considered part of that contract); *but cf. Allstate Indemnity Co. v. Gonzales,* 902 P.2d

953 (Colo.App.1995). It is undisputed in this case that the tortfeasor's liability coverage would include injuries caused to a motorcyclist.

The trial court therefore did not err in construing the policy to provide coverage for injuries sustained when David LaRose was struck by a car while riding a motorcycle.

## II.

■ The insurer contends the trial court abused its discretion in denying the insurer's motion to amend the complaint to add the claim that, even ignoring the policy's exclusions, the policy did not extend UIM coverage to an insured struck by an automobile while the insured was riding a motorcycle. However, the trial court denied the motion to amend because of its ruling on the merits of the argument.

■ A court does not err in denying a motion to amend that is futile or has been rendered moot. *See Conrad v. Imatani,* 724 P.2d 89 (Colo.App.1986). Because the trial court correctly determined that the policy provided coverage, it did not err in denying the motion to amend to assert that the policy did not provide coverage.

## III.

■ The insurer also contends that a policy provision excluding coverage is applicable to this case. We again disagree.

■ Exclusionary clauses designed to except particular conduct or situations from general insurance coverage provisions must be drafted in clear and specific language. To benefit from an exclusionary clause, an insurer must establish that the exclusion applies and is not subject to any other reasonable interpretation. *See American Family Mutual Insurance Co. v. Johnson,* 816 P.2d 952 (Colo.1991).

Here, the policy provides that the insurer "will not pay for bodily injury to you ... [while] using a non-owned car not insured under this part, regularly used by you...." "Car" is defined as "a private passenger automobile, station wagon, jeep-type, or van

with four wheels that is designed for use mainly on public roads. A pick-up truck with four or six wheels and a load capacity of one ton or less is also a car."

Contrary to the insurer's argument, and as noted by the trial court, a motorcycle is not a "car." Thus, we agree with the trial court that this exclusion is not applicable.

## IV.

The insurer finally contends that the insureds failed to provide its claims department with prompt notice of their claim and thereby forfeited coverage under the policy for this claim. We are not persuaded.

The insurer argues that the trial court erred in concluding that the notice the insureds gave by telephone to the insurer's sales agent shortly after the accident satisfied the notice requirement in the policy. However, even if we were to adopt the insurer's position, it is not sufficient to require reversal.

The insureds contend, and the insurer concedes, that the duty to give notice did not arise until the insureds, with reasonable diligence, could ascertain that the alleged tortfeasor was underinsured. *See State Automobile Mutual Insurance Co. v. Youler,* 183 W.Va. 556, 396 S.E.2d 737, 741 (1990)("The unanimous opinion of the courts deciding the few reported cases on this particular issue is that the notice provisions of an automobile insurance policy ordinarily are activated in a case of . . . underinsured motorist coverage, not when there has been an accident, but when the insured, with reasonable diligence, ascertains that the alleged tortfeasor is . . . underinsured.").

In its motion for summary judgment, the insurer presented evidence that the insureds did not contact its claims department until January 28, 1993, some fifteen months after the accident. However, while it referenced portions of depositions taken in the summer of 1992 in which the insureds discussed the extent of the injuries sustained, the insurer failed to present evidence in support of its motion that established the date from which the insureds knew or with reasonable diligence should have known that the alleged

tortfeasor's liability insurance would provide insufficient coverage. The insurer on appeal has likewise failed to present the full transcripts of the depositions taken, transcripts of the hearing on the motions for summary judgment, or any other evidence that would establish a date from which the insureds should have been required to give notice.

In contrast, the insureds submitted affidavits in support of their motion for summary judgment in which they indicated that they gave notice to the insurer's claims department upon learning sufficient information to support the claim. The insurer has pointed to no evidence establishing any earlier date. Indeed, the only reference we find in the record to the date that the insureds knew of the other driver's policy limitations is a letter from the insureds' attorney to the insurer seeking permission to settle for policy limits with the other driver. The letter was written several months *after* the insurer's claims department had admittedly received sufficient notice of the claim.

In these circumstances, we conclude the trial court did not commit reversible error in denying the insurer's motion for summary judgment and in granting that of the insureds.

Judgment affirmed.

MARQUEZ and KAPELKE, JJ., concur.