STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellant and Cross–Appellee,

v.

Justin TYE, Defendant–Appellee and Cross–Appellant.

No. 95CA1045.

Colorado Court of Appeals, Div. I.

Nov. 29, 1996.

Rehearing Denied Dec. 27, 1996.

Retherford, Mullen, Johnson & Bruce, Neil C. Bruce, Colorado Springs, for Plaintiff–Appellant and Cross–Appellee.

Bartholomew and Cristiano, Francis V. Cristiano, Denver, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge HUME.

Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), appeals the summary judgment entered in favor of defendant, Justin Tye, determining that a liability policy issued by State Farm afforded uninsured motorist coverage for injuries sustained by defendant in a shooting between the car in which defendant was a passenger and the occupants of another car. Defendant cross-appeals the trial court's ruling on his cross-motion for summary judgment determining the extent of underinsured motorist coverage due him. We affirm in part, reverse in part, and remand the cause with directions.

On March 10, 1992, defendant was a passenger in an automobile insured by State Farm. Earlier in the evening, the driver of that automobile had been chasing a car with intent to harass one of its occupants. At the time of the incident, however, the record indicates that the occupants of the car in which defendant was riding had stopped pursuing and were attempting to avoid contact with the other vehicle and its occupants. When the two cars met at an intersection, a passenger (tortfeasor) in the other vehicle fired a shot at the car in which defendant was sitting, seriously wounding him.

Defendant sought recovery from State Farm under the underinsured motorist coverage provision. In response, State Farm filed this action for declaratory relief, requesting the trial court to determine that it owed no coverage under the policy for an intentional act committed upon defendant. Defendant filed a third-party complaint against the tortfeasor, the owner, and the driver of the car in which the tortfeasor had been a passenger on the night of the shooting as third-party defendants.

Settlement negotiations between defendant and the third party defendants began. The car in which the tortfeasor had been a passenger had liability coverage under a policy issued by another insurance provider in the amount of $25,000. Because of the intentional nature of the shooting and disputes over the existence of coverage under that policy, defendant settled his claims against the third-party defendants for $15,000, and the

third-party defendants were dismissed after the settlement was reached. State Farm and defendant then filed cross-motions for summary judgment.

Following the decision in *State Farm Mutual Automobile Insurance Co. v. McMillan*, 900 P.2d 1243 (Colo.App.1994), *aff'd*, 925 P.2d 785 (Colo.1996), the parties, while reserving their right to appeal, entered into a stipulation that judgment should enter in favor of defendant on the issue of coverage under the underinsured motorist provision of State Farm's policy. The trial court accepted the stipulation and entered summary judgment in favor of defendant.

The court also entered summary judgment determining that the amount of coverage available to defendant on his underinsured motorist claim was $75,000: the difference between the $25,000 liability policy limit of the third-party tortfeasor and the $100,000 policy limit for underinsured motorist coverage under State Farm's policy.

### I.

■ State Farm contends that the trial court erred in determining that defendant's injuries were caused by an accident and in entering judgment on that issue. We disagree.

■ *State Farm Mutual Automobile Insurance Co. v. McMillan*, 925 P.2d 785 (Colo. 1996) is dispositive of that contention. Whether an injury, even though the result of an intentional act, was caused by an accident is determined from the insured's point of view.

Here, defendant's injuries were the result of an intentional shooting during a confrontation. The shooting, although an intentional act on the part of the tortfeasor, was unexpected and unintended by defendant. Therefore, when viewed from defendant's perspective, the injuries were caused by an accident, and, accordingly, the trial court did not err in determining that State Farm was obligated to him for injuries caused by an accident arising out of the use and operation of a motor vehicle. *See State Farm Mutual Automobile Insurance Co. v. McMillan, supra;*

*Cung La v. State Farm Automobile Insurance Co.*, 830 P.2d 1007 (Colo.1992).

### II.

■ On cross-appeal, defendant contends that the trial court erred in determining that the amount of underinsured motorist coverage available to him was limited to the difference between the liability limits of the tortfeasor's insurance policy and the stated policy limits for underinsured motorist coverage under State Farm's policy. He argues that the amount of coverage available to him should be the difference between the amount he received in settlement and the stated policy limits under State Farm's underinsured motorist coverage. We agree.

According to § 10–4–609(5), C.R.S. (1994 Repl.Vol. 4A),

The maximum liability of the insurer under the uninsured motorist coverage provided shall be the lesser of:

(a) The difference between the limit of uninsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or

(b) The amount of damages sustained, but not recovered.

The purpose of uninsured/underinsured motorist coverage under § 10–4–609, C.R.S. (1994 Repl.Vol. 4A) is to compensate fully an innocent insured for loss caused by financially irresponsible motorists, subject to the policy limits, and to place the insured in the same position as if the underinsured had liability coverage equal to that of the insured. *Farmers Insurance Exchange v. Walther*, 902 P.2d 930 (Colo.App.1995). The strong policy of the General Assembly in adopting § 10–4–609 was to enable an insured covered by uninsured motorist coverage to receive the benefits of that coverage to the extent necessary to compensate fully for a loss caused by the conduct of a financially irresponsible motorist. *Kral v. American Hardware Mutual Insurance Co.*, 784 P.2d 759 (Colo.1989).

When interpreting statutes, we give full effect to the intent of the General Assembly. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988).

To determine that intent, we look first to the words used. *People v. Warner,* 801 P.2d 1187 (Colo.1990). If the language of a statute is plain and its meaning is clear and unambiguous, then there is nothing to require construction. *Colorado State Civil Service Employees Ass'n v. Love,* 167 Colo. 436, 448 P.2d 624 (1968).

■ An insurance policy provision is void and unenforceable, even if unambiguously written, if its effect is to dilute or avoid a legislative mandate. *Union Insurance Co. v. Houtz,* 883 P.2d 1057 (Colo.1994).

State Farm cites *State Farm Mutual Automobile Insurance Co. v. Bencomo,* 873 P.2d 47 (Colo.App.1994) in support of its assertion that it is entitled to offset its liability by the full amount of the tortfeasor's policy limits. However, *Bencomo* is inapposite here. Although the trial court in *Bencomo* allowed such an offset in deciding that the insured could make a claim under her policy's underinsured motorist coverage, the sole issue determined on appeal was whether an insured who settled for less than the tortfeasor's policy limits had exhausted those policy limits in order to make a claim for underinsured motorist coverage.

The plain language of § 10–4–609(5) clearly limits the liability of an insurer to the lesser of two amounts: the difference between the limit of uninsured motorist coverage and the amount paid to the insured by another party; or the amount of sustained damages that have not been recovered.

State Farm argues that a provision of its policy allows a deduction of any amount "paid or payable" to an insured, meaning the full amount available under another policy whether or not that amount is paid. We disagree.

If this interpretation of "payable" were to be applied, it would conflict with the General Assembly's clearly expressed intent in § 10–4–609(5) and, thus, would be unenforceable. *See Union Insurance Co. v. Houtz, supra.*

Here, with State Farm's knowledge and acquiescence, defendant settled in good faith with the tortfeasor's liability carrier for an amount $10,000 less than the liability policy limits. According to the plain language of § 10–4–609(5)(a), C.R.S. (1994 Repl.Vol. 4A), defendant is entitled to underinsured motorist compensation up to the difference between the amount paid by the liability insurer and the underinsured motorist policy limit.

■ A settlement made in good faith and approved by the underinsured motorist carrier should not preclude an insured from seeking full compensation. *See Colorado Insurance Guaranty Ass'n v. Harris,* 827 P.2d 1139 (Colo.1992)(public and judicial policies favor settlement of disputes to avoid excessive delay in payment and financial loss to claimants and policyholders).

Further, there would be no incentive for an individual to purchase underinsured motorist coverage if an insurer is not obligated to pay the benefits for which the insured contracted. An individual who pays for increased coverage should be eligible for the benefits which the insurer agreed to provide. *See Barnett v. American Family Mutual Insurance Co.,* 843 P.2d 1302 (Colo.1993)(shifting focus of recovery under uninsured motorist coverage from statutory minimums to recovery within policy limits).

■ We conclude that, pursuant to § 10–4–609, an injured person covered by an underinsured motorist policy who settles (with the acquiescence of the underinsured motorist carrier) in good faith with a tortfeasor or liability carrier for less than the tortfeasor's policy limits, and who is eligible for underinsured motorist benefits, is entitled to compensation in an amount not exceeding the difference between the amount paid to the insured by or on behalf of the tortfeasor and the limits of underinsured motorist coverage.

That portion of the judgment determining that defendant is entitled to recover under the policy at issue is affirmed. The portion of the judgment determining the extent of that recovery is reversed, and the cause is remanded for entry of judgment consistent with the views expressed herein.

METZGER and ROY, JJ., concur.