Nathan FREEMAN, Plaintiff–Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., an Illinois corporation, Defendant–Appellee.**

No. 96CA0825.

Colorado Court of Appeals, Div. V.

April 17, 1997.

Rehearing Denied May 22, 1997.

Certiorari Denied Nov. 3, 1997.

Norton Frickey & Associates, L. Dan Rector, Colorado Springs, for Plaintiff–Appellant.

Halaby Cross Liechty & Schluter, Jonathan A. Cross, Leslie L. Schluter, Denver, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this declaratory judgment action arising from an automobile accident, plaintiff, Nathan Freeman, appeals from a judgment of the trial court requiring him to pursue his

claims against the alleged tortfeasor driver prior to seeking arbitration with his underinsured motorist coverage (UIM) carrier, defendant, State Farm Mutual Automobile Insurance Company (insurer). We affirm.

Plaintiff was involved in an auto accident and claims that the driver of the other car was the party at fault for the accident. At the time of the accident, that driver (tortfeasor) was insured for liability under a policy issued by insurer with per person limits of $50,000. Plaintiff was insured for UIM coverage under a policy issued by insurer with per accident limits of $100,000.

Plaintiff did not seek damages or make any claims against the tortfeasor or his insurance policy. Rather, he made a demand for arbitration under his UIM policy. It is plaintiff's position that it is the insurer's duty to recover from the tortfeasor through its right of subrogation.

Insurer refused to arbitrate under the UIM policy, relying on the following policy provision:

> If the vehicle involved in the accident is an 'underinsured motor vehicle' as described, THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.
> Uninsured motor vehicle—means:
>
> ....
>
> 3. An "underinsured" land motor vehicle, the ownership, maintenance or use of which is insured or bonded for bodily injury liability at the time of the accident, but the limits of the liability for bodily injury under such insurance or bonds are:
>   a.  less than the limits of this coverage under this policy; or
>   b.  have been reduced by payments to persons other than insured in the accident to less than the limits of this coverage under this policy.

Plaintiff then filed this declaratory judgment action, seeking a judgment requiring insurer to arbitrate his UIM claim. The parties admit that there are no disputed issues of material fact, and submitted cross-motions for summary judgment. The trial court granted summary judgment in favor of insurer.

Plaintiff's sole contention is that the trial court erred in concluding that he could not pursue an underinsured motorist claim under the UIM policy until he had first sought damages from the tortfeasor because such a ruling violates public policy. We disagree.

■■■ An insurance policy provision must be declared void and unenforceable if it abrogates statutory requirements or conditions affecting the public policy of the state. *Briggs v. American Family Mutual Insurance Co.,* 833 P.2d 859 (Colo.App.1992). A provision violates public policy if it attempts to dilute, condition, or unduly limit statutorily mandated coverage. *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990).

According to § 10–4–609(5), C.R.S. (1994 Repl.Vol. 4A):

> The maximum liability of the insurer under the uninsured motorist coverage provided *shall be the lesser of:*
> (a) The difference between the limit of uninsured motorist coverage and *the amount paid to the insured* by or for any person or organization who may be held legally liable for the bodily injury; or
> (b) The amount of *damages sustained, but not recovered.*

(emphasis added)

■■■ The purpose of UIM coverage is to enable an insured to receive coverage to the extent necessary to compensate fully for a loss caused by the conduct of a financially irresponsible driver. *Kral v. American Hardware Mutual Insurance Co.,* 784 P.2d 759 (Colo.1989). The plain language of both the statute and the policy limits the insurer's liability to providing UIM coverage to an amount equal to the gap between the amount an insured receives from an underinsured driver and the insured's UIM policy limits. *See State Farm Mutual Automobile Insurance Co. v. Tye,* 931 P.2d 540 (Colo.App. 1996).

■■■ Once recovery is made from the tortfeasor, the insured may collect an additional amount necessary to compensate the insured for injuries sustained, up to his or her UIM policy limits. In fact, until a recov-

ery is made from the at-fault party, the actual amount of coverage to which an insured is entitled under an UIM policy cannot be known. *See State Farm Mutual Automobile Insurance Co. v. Tye, supra.* Thus, an insurer may require judgment or settlement from the underinsured driver as a precondition to a claim for UIM benefits without diluting, conditioning, or unduly limiting statutorily mandated UIM coverage. *Cf. Employers Mutual Cos. v. Nordstrom,* 495 N.W.2d 855, 856 (Minn.1993) (underinsured motorist coverage is excess coverage, "not an alternative to liability coverage [or] some optional protection which an injured party can choose in lieu of asserting a claim against an injured tortfeasor.").

Plaintiff's contention to the contrary notwithstanding, this interpretation is consistent with the analysis of identical policy language in *State Farm Mutual Automobile Insurance Co. v. Bencomo,* 873 P.2d 47 (Colo. App.1994). In *Bencomo,* a division of this court refused to interpret this same policy provision to require that an insured receive an amount equal to the tortfeasor's liability insurance limits before seeking UIM protection. Instead, as a matter of public policy, the provision was interpreted to require that the insured's claim against the tortfeasor simply be "resolved and paid."

Although not specifically addressed, implicit in the *Bencomo* ruling is our determination here that to require an insured to recover first from the underinsured tortfeasor does not violate public policy. *Cf. Thurman v. State Farm Mutual Automobile Insurance Co.,* 942 P.2d 1327 (Colo.App.1997) (attorney fees incurred by insured in action against underinsured tortfeasor not recoverable from insured's UIM carrier).

We note that even the Florida cases relied on by plaintiff do not support his argument that insurer should pay him all of his damages and seek recovery from the tortfeasor under its right of subrogation. *See Soliday v. State Farm Mutual Automobile Insurance Co.,* 497 So.2d 717 (Fla.Dist.Ct.App.1986); *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.,* 369 So.2d 410 (Fla.Dist.Ct.App.1979); *Weinstein v. American Mutual Insurance Co.,* 376 So.2d 1219 (Fla.Dist.Ct.App.1979).

While it is true that in Florida an underinsured motorist may request arbitration from its UIM insurer without seeking recovery from the at-fault party, the insurer in such a case may offset an amount equal to the at-fault party's liability limits. *Weinstein v. American Mutual Insurance Co., supra; Government Employees Insurance Co. v. Lang,* 387 So.2d 976 (Fla.Dist.Ct.App.1980). In contrast, in Colorado, an insured is entitled to the difference between the amount received in a good faith settlement with the liability insurer and the insured's UIM coverage limits, even if the insured settles for an amount less than the at-fault party's policy limits. *State Farm Mutual Automobile Insurance Co. v. Tye, supra.*

Judgment affirmed.

ROTHENBERG and TAUBMAN, JJ., concur.